## CIRCUIT COURT OF WARREN COUNTY

Carol A. Amato,
Commissioner

v.

Jewell Painting, Inc.

November 3, 1993

Case No. (Chancery) 93–76

BY JUDGE JOHN E. WETSEL, JR.

This case comes before the court on the Defendant's Plea in Bar asking the court to dismiss the Bill of Complaint because the statute providing for enforcement of the Virginia Occupational Safety and Health Standards constitutes an unconstitutional delegation of legislative power and because the Commissioner of Labor failed to file the Bill of Complaint as prescribed by the statute. The Court will consider the procedural ground first, because, if the suit is tainted by the Commissioner's delay in filing the suit, there is no need to address the substantive constitutional challenge to the enabling statute under which the suit has been filed.

### I. *Statement of Material Facts*

The following facts are not contested.

On November 20–21, 1991, the Virginia Department of Labor and Industry conducted an inspection of Jewell's work site located at Route 340/522 South, Crooked Run Bridge, Riverton, Virginia ("the project").

On or about January 15, 1992, the Virginia Department of Labor and Industry issued two citations to Jewell for alleged serious and other than serious violations of the safety and health regulations of the Commonwealth of Virginia, with proposed penalties totalling $3,360.00.

On January 15, 1992, Jewell notified the Department of Labor and Industry of its intent to contest the citations and penalties issued against it.

The Commissioner of Labor and Industry ("Commissioner") filed her Bill of Complaint against Jewell on May 21, 1993.

## II. *Conclusions of Law*

Virginia Code Section 40.1–49.4 sets forth the steps which must be followed by the Commissioner in filing suit against an employer for alleged safety and health violations and provides that: "Upon receipt of a notice of contest of a citation, proposed penalty . . . the Commissioner shall immediately notify the attorney for the Commonwealth for the jurisdiction wherein the violation is alleged to have occurred and shall file with the circuit court a bill of complaint." The statute is clear and unambiguous. "If a statute is clear and unambiguous, a court will give the statute its plain meaning." *Loudoun County Dept. of Soc. Services v. Etzold*, 245 Va. 80, 425 S.E.2d 800 (1993). The statute does not define immediately; therefore, it must be given its ordinary meaning in the context in which it is used. *Stein v. Commonwealth*, 12 Va. App. 65, 69, 402 S.E.2d 238 (1991). The Supreme Court has held that, in the context of an insurance policy, "immediately" means "at once." *Kennard v. Travelers Protective Ass'n of America*, 157 Va. 153, 160, 160 S.E. 38 (1931). *See also International Brotherhood of Boiler-Makers v. Wood*, 162 Va. 517, 555, 175 S.E. 230 (1934) (within three days is immediately as contemplated by organization's constitution and bylaws). *Carmel v. City of Hampton*, 241 Va. 457, 460, 403 S.E.2d 335 (1991). While the Virginia Supreme is very reluctant to read requirements into statutes which are not expressed, *see Makarov v. Commonwealth*, 217 Va. 381, 228 S.E.2d 573 (1971), the term immediately must have a practical finite definition in the context of a required time within which to file suit.

The Commonwealth undertakes a lengthy analysis of the statutory language to argue that the adverb immediately only modifies "notify," but not "file." Complainant's memorandum, pp. 17–18. This argument has no basis in the law or in rules of grammar. The words notify and file are verbs, which are parallel elements in the sentence under scrutiny. "Many parallel [sentence] elements are linked by a coordinating conjunction (such as *and . . .) . . . .*" *Harbrace College Handbook* (11th ed. 1990), p. 274. Where parallel verb forms are used in a sentence as

here, the adverb will modify both elements, unless specifically restricted, which was not done here. Therefore, the adverb immediately modifies both notify and file.

As noted in 61 Am. Jur. 2d, *Plant and Job Safety*, § 106, under the federal OSHA regulations, which are the counterpart of our state regulatory scheme:

> The Secretary of Labor must file a complaint no later than 20 days after his receipt of the notice of contest. However, failure to file a complaint within the 20-day period will not result in a dismissal absent a showing of prejudice to the employer's ability to present its defense.

In the context of the enforcement of federal OSHA regulations, it appears that immediately is within twenty days, and, in the absence of an express provision in the statute for the filing of the suit, this Court will apply the federal time requirement of within twenty days of the notice of contest as the time within which to file the bill of complaint. Under any scenario, a sixteen month hiatus between the notice of contest and the filing of the suit could not be construed as immediately filing.

Although the Commissioner did not file the suit immediately as provided by the statute, this does not mandate the dismissal of the suit. The Circuit Court of Culpeper County ruled in a similar case, *Amato, Commissioner v. Shirley Contracting Corporation*, Culpeper Chancery No. 92–211, where the Commissioner waited sixteen months from the date the Notice to Contest was filed to file suit for enforcement, that:

> A failure by the Commissioner to comply with procedural requirements, without more, does not constitute adequate grounds for dismissing the suit [cites omitted]. Dismissal would only be appropriate when procedural noncompliance causes prejudice to the opposing party [cites omitted].

Therefore, the Defendant must show that it has been prejudiced by the delay before it is entitled to have the bill dismissed. *See Lucas v. Research Analysis Corp.*, 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969) (workmen's compensation case where torn cartilage diagnosed six months after accident); *Maryland Casualty Co. v. Robinson*, 149 Va. 307, 311, 141 S.E. 225, 226 (1928) (workmen's compensation case

where hernia discovered two and one-half months after accident). Moreover, "[F]aded memories alone occasioned by . . . delay do not satisfy the actual prejudice requirement." *See Johnson v. Commonwealth,* 9 Va. App. 176, 182, 385 S.E.2d 223 (1989) (pre-indictment delay).

## III. *Decision*

For the foregoing reasons, the Court will defer ruling on the Defendant's Motion to Dismiss until it has been determined whether the Defendant has actually been prejudiced by the delay. Since the Commissioner caused the delay, Jewell shall have the burden of going forward with evidence to show that it has been prejudiced by the delay. If Jewell presents credible evidence of prejudice, the Commissioner shall have the burden of persuasion as to why the suit should not be dismissed.