COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Coleman and Overton
Argued at Salem, Virginia


GENERAL TRUCKING CORPORATION

v.          Record No. 1554-94-3                OPINION BY
                                        JUDGE SAM W. COLEMAN III
O. GENE DISHNER, DIRECTOR, ETC.          DECEMBER 19, 1995

            FROM THE CIRCUIT COURT OF WISE COUNTY
                  James C. Roberson, Judge

        Henry S. Keuling-Stout for appellant.

        John B. Sternlicht, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General; Zane B. Scott, Assistant Attorney
        General; Sandra B. Riggs, Assistant Attorney
        General, on brief), for appellee.


        General Trucking Corporation obtained two surface mine

permits from the Department of Mines, Minerals and Energy, Mined

Land Reclamation Division (DMLR) and gave reclamation bonds on

these permits in the total amount of $539,000.  After issuing

Notices of Violations (NOVs) on the permits, DMLR forfeited the

entire amount of the two bonds.  General Trucking appeals the

trial court's decision affirming the forfeiture.

        Pursuant to Code § 45.1-247(A), DMLR has promulgated a

regulation establishing procedures for the forfeiture of

reclamation bonds.  General Trucking contends that DMLR did not

comply with this regulation and that, consequently, the trial

court erred by affirming the bond forfeiture.  We hold that the

forfeiture was proper and affirm the trial court's decision.

## Facts and Proceedings

On August 10, 1988, DMLR by letter advised General Trucking of its decision to forfeit the reclamation bond on surface mine permit number 1100333 (permit 333). DMLR forfeited the total amount of the bond, $400,000. The reason for the forfeiture was General Trucking's failure to abate conditions specified in two NOVs that required General Trucking to perform certain remedial actions on a diversion ditch and sediment ponds located on the land covered by permit 333. At the hearing challenging the forfeiture, DMLR did not offer any evidence of the cost of remedying the violations. General Trucking, however, estimated that the cost of remedying conditions specified in two NOVs was less than $10,000.

On November 2, 1988, DMLR advised General Trucking by letter of its decision to forfeit the $139,000 reclamation bond on surface mine permit number 1100184 (permit 184) because General Trucking had failed to abate the conditions specified in a third NOV. This NOV required General Trucking to repair a highwall on the permit area. Once again, DMLR presented no evidence of the cost of remedying the problems identified in the NOV. General Trucking estimated that the cost of remedying the problems in this NOV would exceed $100,000.

Ralph Tomlinson, an employee of General Trucking, testified that General Trucking was a contract miner for Westmoreland Coal Company. According to Tomlinson, General Trucking could not

abate the conditions specified in the three NOVs and continue mining the sites because it "went broke" after Westmoreland stopped buying its coal. Tomlinson admitted that at the time of the forfeiture a substantial amount of reclamation, exceeding the amount necessary to remedy the conditions specified in the three NOVs, needed to be done with respect to both permits.

On July 24, 1990, DMLR entered into a letter agreement with Westmoreland that Westmoreland would complete the reclamation on the mine sites covered by permits 333 and 184. In return, DMLR agreed to pay Westmoreland the $539,000 in bond proceeds obtained from General Trucking.

After a formal public hearing, DMLR determined that the forfeiture of the reclamation bonds was proper. The trial court affirmed DMLR's decision.

### The Bond Forfeiture

Regulation § 480-03-19.800.50 governs the forfeiture of reclamation bonds.

(a) If the permittee refuses or is unable to conduct reclamation of an unabated violation, fails to comply with the terms of the permit, or defaults on the conditions under which the bond was accepted, the Division shall take the following action to forfeit all or part of a bond or bonds for the permit area or a portion of the permit area:

(1) Send written notification by certified mail, return receipt requested, to the permittee and the surety on the bond, if any, informing them of the determination to forfeit all or part of the bond, including the reasons for the forfeiture and the amount to be forfeited. <u>The amount shall be based on the estimated total cost of achieving the reclamation plan requirements</u>.

Id. (emphasis added).  At issue in this case is the proper interpretation of the last sentence of this regulation.  General Trucking contends that this regulation required DMLR to estimate the cost of remedying the conditions specified in the three NOVs. DMLR, however, contends that it properly based the amount of forfeiture on the estimated total cost of completing reclamation.

The clear import of the statutory provision instructing DMLR to establish procedures for bond forfeiture and release is to ensure that all reclamation requirements are completed.

> The Director shall promulgate regulations . . . establishing procedures, conditions, criteria, and schedules for the forfeiture or release of performance bonds or deposits required under this chapter; however, no bond shall be fully released until all reclamation requirements of this chapter and the regulations thereunder are fully met.

Code § 45.1-247(A) (emphasis added).  Consistent with this statutory mandate, DMLR's regulations provide that the bonds shall "[b]e based on, but not limited to, the estimated cost of reclamation submitted by the permit applicant."  Coal Surface Mining Reclamations Regulation § 480-03-19.800.14(a)(4).

Moreover, the regulations provide:

> (b) In the event forfeiture of the bond is required by this Section, the Division shall:
>
> . . . .
>
> (2) Use funds collected from bond forfeiture to complete the reclamation plan on the permit area.
>
> . . . .
>
> [d](2) In the event the amount of performance bond forfeited was more than the amount necessary to complete reclamation, the unused funds shall be

> returned by the Division to the party from whom they
> were collected."

Coal Surface Mining Reclamations Regulation § 480-03-19.800.50. Therefore, Code § 45.1-247(A) and the regulations promulgated thereunder are remedial in nature, and we must liberally construe the authority granted to forfeit reclamation bonds to achieve the purpose of the act. See Carmel v. City of Hampton, 241 Va. 457, 460, 403 S.E.2d 335, 337 (1991) (stating that remedial statutes should be interpreted liberally).

This Court will not disturb an agency's interpretation of its regulations unless that interpretation is arbitrary and capricious. Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 161, 384 S.E.2d 622, 627 (1989). DMLR contends that under Regulation § 480-03-19.800.50 the amount to be forfeited is based on the cost of completing reclamation rather than the cost of remedying specific violations. This interpretation is consistent with the regulation's language. The regulation states that DMLR shall determine the amount to be forfeited on the basis of "the estimated total cost of achieving the reclamation plan requirements." (emphasis added). This language makes clear that the purpose of the forfeiture is to ensure the "total cost" of completing reclamation rather than the cost of remedying individual violations.

Furthermore, DMLR's interpretation is consistent with the regulation providing for the initial bond determination. The initial bond determination is "based on, but not limited to, the

-5-

estimated cost of reclamation." Coal Surface Mining Reclamations Regulation § 480-03-19.800.14.(a)(4) (emphasis added). Regulation § 480-03-19.800.50, however, makes clear that the amount of forfeiture is limited to the estimated cost of reclamation.

Most importantly, the agency's interpretation, with its focus on the cost of completing reclamation, is consistent with the remedial purpose of Code § 45.1-247. Therefore, we conclude that DMLR's interpretation of Regulation § 480-03-19.800.50 is neither arbitrary nor capricious, but rather, is consistent with the regulation's language, as well as with Code § 45.1-247.

In the present case, the evidence showed that General Trucking was "broke" and could not complete reclamation. Ralph Tomlinson testified that General Trucking had no money because Westmoreland was not buying its coal. Furthermore, Tomlinson admitted that at the time the NOVs were issued, most of the reclamation had yet to be completed. DMLR could, therefore, reasonably conclude that the entire amount of the bonds on permits 333 and 184 was needed to assure completion of the reclamation plan requirements. In fact, the trial court reached the same conclusion in holding that the initial bond determination in this case was "essentially the same determination as `the estimated total cost of achieving the reclamation plan requirements' referred to in the bond forfeiture regulation." It is clear from the record that DMLR's objective

in forfeiting the total amount of the bonds was to ensure the completion of the reclamation on the land covered by permits 333 and 184. Code § 45.1-247(A) grants DMLR the authority and responsibility to ensure that the reclamation requirements are satisfied, and this Court will not "substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function." Virginia ABC Comm'n v. York St. Inn, Inc., 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979) (quoting Schmidt v. Board of Adjustment, 88 A.2d 607, 615 (N.J. 1952)). We, therefore, hold that DMLR conducted the bond forfeiture in accordance with Code § 45.1-247(A), as well as Regulation § 480-03-19.800.50.

### Unused Bond Proceeds

Under Regulation § 480-03-19.800.50(d)(2), General Trucking is entitled to any forfeited proceeds that are not used to complete reclamation. After the forfeiture, Westmoreland assumed responsibility for the reclamation on the land covered by permits 333 and 184. In return, DMLR paid to Westmoreland the forfeited bond proceeds. The record, however, does not indicate whether the entire $539,000 was required to complete reclamation. DMLR must account for the forfeited proceeds and the extent to which they were expended to complete the reasonable costs of reclamation. Accordingly, we affirm DMLR's bond forfeiture, and we remand the case to the trial court with instructions that the court direct the matter to DMLR in order that DMLR can, after the

-7-

reclamation is completed, account for the forfeited bond proceeds and determine whether the entire amount forfeited was necessary to complete the reclamation plan.

For these reasons, we affirm the bond forfeiture and remand for further proceedings consistent with this opinion.

<u>Affirmed and remanded.</u>