# RACE FORK COAL COMPANY, ET AL.

## V.

# MACK TURNER, ET AL.

Record No. 880032

April 21, 1989

Present: All the Justices

*Thomas R. Scott, Jr. (Street, Street, Street, Scott & Bowman,* on briefs), for appellants.

*Christopher D. Eib, Assistant Attorney General (Mary Sue Terry, Attorney General; Walter A. McFarlane, Deputy Attorney General*, on brief), for appellee Uninsured Employers Fund.

No briefs or arguments for appellees Mack Turner and Travis Coal, Inc.

WHITING, J., delivered the opinion of the Court.

In this appeal, we decide whether a "statutory" employer under the Virginia Workers' Compensation Act, Code §§ 65.1-1 to -163 is constitutionally entitled to: (1) the statutorily required notice of an accident from the worker; and (2) be named as a party to the subsequent Industrial Commission proceeding in which the compensation award, which the statutory employer is now being required to pay, was made against the actual employer.[1] Our decision turns on whether the statutory employer is in privity with the actual employer.

On April 12, 1984, while employed by Travis Coal, Inc. (Travis), Mack Turner, a coal miner, suffered an eye injury resulting in the functional loss of one eye. At the time of Turner's injury, Travis, as an independent contractor, was mining coal belonging to Race Fork Coal Company (Race Fork). Although Race Fork, upon being made a party to the Industrial Commission proceeding, initially argued that it was not Turner's statutory employer, it now concedes that it was his statutory employer at the time Turner was injured.

Within the required 30-day period after April 12, 1984, Turner apparently gave Travis, but not Race Fork, the written notice of the accident required by Code § 65.1-85. On August 10, 1985, Turner filed a compensation claim against Travis, but not Race Fork, before the Industrial Commission. Because Travis carried no workers' compensation insurance, the Industrial Commission notified the Uninsured Employers Fund (the Fund) of the hearing to be held on October 7, 1985. Since that time, the Fund has participated in the proceedings. At a hearing on October 29, 1985,

---

[1] We have jurisdiction in this appeal because the case not only involves a substantial constitutional question, but also matters of significant precedential value. Code § 17-116.07(B).

Turner, Travis, and the Fund stipulated to the facts surrounding the accident, but the length of disability was contested.

On November 6, 1985, the Commission awarded Turner temporary total disability benefits against Travis, and required Travis to pay Turner's past and future reasonable and necessary care and related mileage expenses. Although Travis did not appeal the award, it did not make the required payments. Travis has since been dissolved by the State Corporation Commission and has not participated further in this litigation. The Fund filed a petition to rehear, alleging that Race Fork, as Turner's statutory employer, was "a proper and necessary party to the October 29, 1985 proceeding." The Industrial Commission denied the petition on December 18, 1985, because it was not timely filed.

Some time before April 3, 1986, the Fund paid Turner the amounts previously awarded him by the Industrial Commission. On April 9, 1986, Turner filed a second claim for compensation, this time naming Race Fork as his employer. The Industrial Commission referred the matter to one of its deputy commissioners to "determine if Race Fork Coal Company is a statutory employer and as such responsible along with Travis Coal Company, Inc., for satisfying the awards of the Commission in favor of Mack Turner for the injury of April 12, 1984." The scope of the hearing was apparently expanded because Race Fork asserted additional defenses, including the defense that it was denied due process of law because it received no notice of the accident or of the initial hearing of October 29, 1985.

Without discussion of the effect, if any, of the lack of such notice, on December 11, 1986, the Commission ordered Race Fork to reimburse the Fund the monies it had paid Turner in satisfaction of the award. Race Fork appealed to the Court of Appeals. On December 15, 1987, that court held that because Race Fork was in privity with Travis, such notices were not required, and accordingly affirmed the award of the Industrial Commission. *Race Fork Coal* v. *Turner*, 5 Va. App. 350, 363 S.E.2d 423 (1987). We granted Race Fork this appeal. Race Fork confines its argument here to the issues regarding the lack of the required notice.

We are faced with an adjudication of which the defendant had no notice and, therefore, no opportunity to defend. Ordinarily, due process would require that Race Fork receive notice of the accident and of the hearing on October 29, 1985. *Finkel Products*

v. *Bell*, 205 Va. 927, 931, 140 S.E.2d 695, 698 (1965). Recognizing the constitutional necessity for such notice, the Fund argues that it was not required in this case because the Workers' Compensation Act put Race Fork in privity with Travis.

We have said that "[w]hile privity generally involves a party so identical in interest with another that he represents the same legal right, a determination of just who are privies requires a careful examination into the circumstances of each case." *Nero* v. *Ferris*, 222 Va. 807, 813, 284 S.E.2d 828, 831 (1981). Our examination of the circumstances of workers' compensation cases indicates that the interests of the statutory employer and the actual employer are not sufficiently identical in interest to regard the employer as representing all of the legal rights and defenses the statutory employer may have against the claimant.

Specifically, Code § 65.1-30 provides that a worker must show that his actual employer was engaged in "a part of [the] same trade, business, and occupation" as the statutory employer to subject the statutory employer to liability for payment of his workers' compensation benefits. In contrast, no such proof is required to subject the actual employer to liability for payment of such benefits. To that extent, the interests of the actual employer and the statutory employer vis-à-vis the employee diverge. Accordingly, we hold that the Court of Appeals erred in finding that the parties were in privity, so that notice to Travis was also notice to Race Fork.

In our opinion, it makes no difference in this case that Race Fork later conceded that it was Turner's statutory employer. Because the rules of privity bind a non-party to an adjudication of which it had no notice, and thus implicate due process, *see Blonder-Tongue* v. *University Foundation*, 402 U.S. 313, 329 (1971); *Hansberry* v. *Lee*, 311 U.S. 32, 40-41 (1940), their application does not turn upon the merits of a possible defense but upon the constitutional *right* to notice enabling one to make a defense.

The Fund argues that the notices required by Code §§ 65.1-85 and -94[2] to be given an actual employer were intended by the legislature to be notice to any party who might later be

---

[2] The Code sections in question provide in pertinent part that "[e]very injured employee . . . shall immediately on the occurrence of an accident or as soon thereafter as practicable give . . . to the *employer* a written notice of the accident," Code § 65.1-85, and that "[i]f the *employer* and the injured employee . . . fail to reach an agreement in regard to com-

found to have been a worker's statutory employer. If so, the legislation would be unconstitutional for the reasons we have assigned.

We will not assume the legislature intended to enact an invalid statute if the statute is subject to a reasonable construction which would give it validity. *See Roanoke* v. *Michael's Bakery Corp.*, 180 Va. 132, 142-43, 21 S.E.2d 788, 792-93 (1942); *Carpel* v. *City of Richmond*, 162 Va. 833, 840, 175 S.E. 316, 318 (1934). In our opinion, in these two statutes, the legislature used the word "employer" in a generic sense to describe whichever employer, actual or statutory, from whom the worker seeks workers' compensation benefits. If such a claim is sought against both such employers, notice to each employer would be required. Such a construction avoids any due process violation.

For the foregoing reasons, we are of opinion that the Court of Appeals erred in holding that notice to Race Fork was neither constitutionally nor statutorily required. Although the required notice was not given Race Fork, this does not mean that the case should be dismissed. A worker may not know the relationship between his employer and some third party, who may be a statutory employer at the time of his injury, and he may not reasonably discover that relationship within a period of 30 days thereafter. If Turner can show that he was unaware of the relationship and could not reasonably have known of it within the 30-day period, he, or the Fund in his place, has the right under Code § 65.1-85[3] to introduce evidence in an attempt to satisfy the Industrial Commission that there was a reasonable excuse for not giving the notice. If the Industrial Commission is satisfied that Race Fork has not been prejudiced by Turner's failure to give timely notice, Race Fork will be required to defend a *de novo* hearing on Turner's, or the Fund's, rights to benefits under the Act. Accordingly, the judgment of the Court of Appeals will be reversed, and the case remanded to that court for remand to the

---

pensation . . . either party may make application to the Industrial Commission for a hearing [of which the Commission notifies the parties]," Code § 65.1-94. (emphasis added.)

[3] The pertinent portions of Code § 65.1-85 provide:

[N]o compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident . . . unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

Industrial Commission for further proceedings consistent with this opinion.

*Reversed and remanded.*