# Charlottesville

## WESTMORELAND COAL COMPANY

v.

## JAMES EMERSON COFFEY

No. 1032-91-3

Decided December 24, 1991

COUNSEL

Michael F. Blair (Penn, Stuart, Eskridge & Jones), for appellant.

Clarence E. Phillips (Kilgore, Phillips & Steele), for appellee.

OPINION

**BARROW, J.**—In this appeal from the Industrial Commission, the employer contends that the commission erred in not finding the employee's claim for compensation barred because of his failure to give notice of his accident as required by Code § 65.1-85. We hold that credible evidence supports the commission's finding that the employee had a reasonable excuse for not giving notice as required by the statute and that the employer has not been prejudiced by the failure to give notice.

On February 22, 1990, the employee, James Coffey, attempted to lift a mining belt while at work. Upon doing so, he immediately felt pain in his left shoulder and neck. Coffey testified that the pain lasted only a few seconds. Since it seemed trivial, Coffey did not believe that he had suffered any injury, and, therefore, he decided against reporting it.

Coffey was able to continue working that day; however, the next morning, he began to experience dizziness, nausea, and loss of hearing. Although he reported to work the following two days, he was unable to finish his shifts. He did not attend work again. Coffey's nausea and dizziness continued throughout the remainder of the week; his hearing loss became progressively worse; and he sought medical attention on February 24, 1990. Coffey testified that he did not tell the doctor of the lifting incident because he did not associate it with any of these symptoms.

For the next few weeks, Coffey visited several more doctors, tried various medication, and underwent tests. Sometime in April,

Coffey began to suspect that he had injured his ear in the lifting incident. At that time, he told his doctor of the accident. Coffey also advised his employer of such possibility, but explained that he had no medical diagnosis confirming his suspicions. It was not until surgery was conducted on May 4, 1990, that the severity of his problem, and its relationship to the lifting incident, was determined. Coffey suffered a ruptured eardrum, resulting in complete hearing loss in his left ear, accompanied by vertigo. After the surgery, Coffey immediately reported his condition and the accident to his supervisor.

The deputy commissioner denied benefits, finding that Coffey had no reasonable excuse for delay because he knew immediately that he had sustained some sort of an injury, and, thus, he should have reported the incident to the employer regardless of uncertainty as to its extent. The deputy commissioner also found that the delay had resulted in prejudice to the employer, Westmoreland Coal, as it had not been afforded the opportunity to offer Coffey medical treatment or to investigate the situation and uncover evidence enabling physicians to make an earlier determination of his condition. The commission reversed the deputy commissioner, finding that the record clearly showed and supported a finding that Coffey had reason to consider the accident which occurred to be momentary, trivial, and without injurious effect and that Coffey had a reasonable excuse for not reporting the accident before diagnosis because he had no genuine basis for establishing a connection between the accident and the injury. It further held that the employer was not prejudiced in any way by the delay.

■ Unless an employee immediately gives notice to the employer of the occurrence of an accident, the employee is not entitled to compensation. Code § 65.1-85. However, if reasonable excuse is made to the satisfaction of the commission, and the commission is satisfied that the employer has not been prejudiced, compensation may be paid even if notice is not timely given. *Id.*

■ The burden of showing a reasonable excuse for delay in giving notice is on the employee; on the other hand, the burden of showing prejudice caused by the delay is upon the employer. *Lucas v. Research Analysis Corp.*, 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969) (torn cartilage diagnosed six months after accident); *Maryland Casualty Co. v. Robinson*, 149 Va. 307, 311, 141 S.E. 225, 226 (1928) (hernia discovered two and one-half months

after accident). In order to give notice, one must have knowledge of the injury for which a claim is made. *Lucas*, 209 Va. at 585, 166 S.E.2d at 296; *Maryland Casualty Co.*, 149 Va. at 311, 141 S.E.2d at 226. Notice is reasonably excused if an accident, first regarded as trivial, is later learned through medical diagnosis to be serious. *Lucas*, 209 Va. at 586, 166 S.E.2d at 296.

In this case, there was evidence that the accident was first thought to be trivial and later discovered through medical diagnosis to be serious. Coffey testified that when the accident occurred, the pain lasted only a few seconds and seemed trivial. Not until approximately two and one-half months later, as a result of surgery, did Coffey discover that he had ruptured his eardrum as a result of the accident. He immediately reported his condition and his accident to his employer.

The commission also found that the employer failed to carry its burden of demonstrating prejudice as a result of the late notice of the accident. It observed that Coffey had advised the employer "as early as April 17 that the incident of February 22 could have been a possible cause of his inner ear problem." The employer took no action after receiving this information to investigate the possibility of a causal relationship. The commission found that Coffey's "prompt action . . . to determine the nature of his inner ear problem and dizziness was neither delayed nor prejudicial to the employer's interest."

Since credible evidence supports the commission's finding that Coffey had a reasonable excuse for not reporting the accident to his employer earlier and since the commission did not err as a matter of law in finding that the employer had failed to prove that it was prejudiced in any way by the delay in receiving notice, we may not disturb the commission's decision. Code § 65.1-98; *see, e.g., Russell Loungewear v. Gray*, 2 Va. App. 90, 95, 341 S.E.2d 824, 826 (1986). The commission's decision, therefore, is affirmed.

*Affirmed.*

Coleman, J., and Moon, J., concurred.