## CIRCUIT COURT OF THE CITY OF RICHMOND

St. Paul Fire and Marine Ins. Co.
and Barnhill Contracting Co.

v.

Reliance Insurance Co.

August 4, 1992

Case No. LU-1641–1

By Judge Melvin R. Hughes, Jr.

Defendant, Reliance Insurance Company, has filed a Special Plea raising the bar of the Workers' Compensation Act to plaintiffs', St. Paul Fire and Marine Insurance Company and Barnhill Contracting Company (collectively St. Paul), Motion for Judgment. The Plea states that this Court is without jurisdiction to consider matters raised in the Motion for Judgment because the issues set forth therein fall solely under the Virginia Workers' Compensation Act (Act) and must be decided by the Workers' Compensation Commission (Commission).

According to the Motion for Judgment, Barnhill Contracting Company and S. T. Wooten Construction Company had a joint venture to construct Interstate Highway 288 in Chesterfield County. The joint venture subcontracted with Mike Hunter, Inc., to fabricate and place signs on the highway. The joint venture and Hunter agreed that Hunter would maintain workers' compensation insurance and that the joint venture would be a coinsured. Pursuant to this agreement, an insurance policy was issued by Reliance to Hunter. Financial problems prevented Hunter from completing the work. Thereafter, the joint venture hired certain Hunter workers, including George Holscher, a foreman, to complete the job. On April 27, 1990, and after the arrangement took effect, Holscher was seriously injured while driving a truck on the unopened highway. Holscher filed for workers' compensation and without a hearing St. Paul entered into a

Memorandum of Agreement with Holscher which led to a commission award in Holscher's favor. Reliance did not participate in the commission proceedings or in the award.

The Motion for Judgment is in four counts. St. Paul asserts (1) that Reliance is obligated to pay Holscher's workers' compensation benefits, (2) that even if it is not obligated to pay, Reliance waived any rights to not pay them, (3) that Reliance is estopped from denying payment of the benefits, and (4) that it is entitled to declaratory relief and judgment for all compensation amounts paid past and future in the amount of $2,600,000.00.

Reliance maintains the case presents a question of the existence of an employer-employee relationship for purposes of workers' compensation, a matter reserved exclusively for the Workers' Compensation Commission. Reliance argues that the question will ultimately be whether the commission award St. Paul agreed to pay will be modified or vacated which must take place before the Commission. Defending, St. Paul argues that the question is whether under contract and other bases, Reliance must pay or share in the payment of the benefits, issues the Commission cannot handle and thus are for the Court.

The parties cite and distinguish two fairly recent cases in support of this position, *Race Fork Coal Company, et al. v. Turner*, 237 Va. 639 (1989), and *Hartford Fire Insurance Co. v. Tucker*, 3 Va. App. 116 (1986). In both cases, the proceedings originated before the then Industrial Commission. In both there was a previous award followed by a second filing by the claimant for workers' compensation. In each of the cases, the question was who was liable to pay benefits as between a present or putative payor. In *Race Fork*, the Court ruled that Race Fork Coal Co. as a statutory employer was entitled to notice in its own right to bind it to pay an award and that the Commission could not rely on a finding of privity with the actual employer to satisfy the notice requirement. In *Hartford*, the Court ruled, in a dispute between two carriers over which is to pay benefits already awarded against one of them, that while the Commission can decide insurance policy coverage matters, it did not have jurisdiction to decide the issue of restitution between the insurers.

Here St. Paul has brought a claim based on an alleged contract and is seeking a remedy by way of declaratory relief and damages. St. Paul is saying that Reliance agreed initially and afterwards to pick

up compensation coverage but backed off its commitment. The Court may well, as Reliance contends, have to decide the issue of employer-employee relationship between Holscher and Hunter as it must decide similarly in cases where there is a claimed bar of workers' compensation as an exclusive remedy. Just as if that issue was before the Commission requiring its decision, the Court will have to deal with the question in this context. The difference here is that the remedy St Paul seeks is grounded on contract for money damages, a remedy the legislature has not excluded from judicial determination.

Again, while Reliance denies that Holscher's claim is compensable under workers' compensation, the Court must focus, according to the pleadings, on the essentially contractual nature of the claims for money between the parties, matters which are not committed to the Commission. The Court will not have to and cannot modify or change the Commission award.

Accordingly, the Court overrules the Special Plea and notes Reliance's exceptions.