## Alexandria

BATAL BUILDERS, INC. AND
AMERICAN ALLIANCE INSURANCE COMPANY

v.

HI-TECH CONCRETE, INC.,
PLANET INSURANCE COMPANY,
P&P CONSTRUCTION,
THE UNINSURED EMPLOYER'S FUND, AND
JOSE ANTONIO PORTILLO

No. 1571-93-4

Decided May 24, 1994

402

COUNSEL

William H. Schladt (Ward, Klein & Miller, on briefs), for appellants.

Kathryn A.K. Untiedt (John K. Coleman; Slenker, Brandt, Jennings & Johnson, on brief), for appellees, Hi-Tech Concrete and Planet Insurance Company.

Paul S. Stahl, Assistant Attorney General (Stephen D. Rosenthal, Attorney General; John J. Beall, Jr., Senior Assistant Attorney General, on brief), for appellee, Uninsured Employer's Fund.

William S. Sands, Jr. (Hanno I. Rittner; McChesney, Duncan & Dale, on brief), for appellee, Jose Antonio Portillo.

No brief or argument for appellee, P&P Construction.

## OPINION

**FITZPATRICK, J.**—In this workers' compensation case, Batal Builders, Inc. and its insurance carrier, American Alliance Insurance Company, (Batal) appeal the commission's decision that Batal was the sole statutory employer liable for injuries sustained by Jose A. Portillo (claimant). *See* Code § 65.2-302. On appeal, Batal argues that the commission erred by finding: (1) that claimant had a reasonable excuse for his failure to provide timely notice of his injury to his statutory employers; (2) that Batal was not prejudiced by the untimely notice; (3) that Hi-Tech Concrete, Inc. (Hi-Tech), the first statutory employer in the ascending chain, was prejudiced by the untimely notice and, thus, was not liable for claimant's injury. For the reasons set forth below, we affirm the commission's finding that claimant provided a reasonable excuse for the delay in notification. However, we find no evidence that either statutory employer was prejudiced by the delay in notification.

## BACKGROUND

Batal was the general contractor at the Cross-Point construction site in Lorton, Virginia, where claimant was injured. Batal subcontracted its concrete work at the site to Hi-Tech, who in turn subcontracted work to P&P Construction (P&P), claimant's direct employer. On June 23, 1990, claimant, while working for P&P, was injured when a piece of metal flew into his right eye, causing him to fall to the ground with his eye bleeding. Claimant immediately reported this injury to his supervisor at P&P, who took him to the hospital for treatment. Two months after the accident, claimant's attorney informed him that P&P did not have workers' compensation insurance. P&P subsequently filed for bankruptcy protection.

Claimant sustained permanent loss of use of his right eye as a result of the June 23, 1990, industrial accident. The extent of claimant's injury and the amount of benefits awarded by the commission are not challenged on appeal. Rather, Batal argues that

claimant's entitlement to compensation is barred because of his failure to provide timely notice of his injury to his statutory employers and because of the resulting prejudice to Batal caused by such failure. *See* Code § 65.2-600. In the alternative, Batal argues that if claimant is not barred from receiving compensation, Hi-Tech, claimant's immediate statutory employer, should be liable for any award or should indemnify Batal. Neither Batal nor Hi-Tech received notice of claimant's injury until approximately two years after the date of the accident.

## NOTICE OF INJURY TO STATUTORY EMPLOYERS

The commission found that claimant had a reasonable excuse for his failure to give timely notice to Batal and Hi-Tech. Code § 65.2-600 provides, in part:

A. Every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident.

\* \* \* \* \* \* \*

D. No compensation or medical benefit shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

■ It is well settled that when a claim is made against both actual and statutory employers, notice to each employer is required pursuant to Code § 65.2-600. *Race Fork Coal Co. v. Turner*, 237 Va. 639, 644, 379 S.E.2d 341, 343-44 (1989); *Wagner Enters. v. Brooks*, 12 Va. App. 890, 896-97, 407 S.E.2d 32, 36 (1991). It is undisputed that claimant did not inform his statutory employers of his injury until approximately two years after the accident.

■ On appeal, we view the evidence in the light most favorable to the party prevailing below. *Crisp v. Brown's Tysons Corner Dodge*, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986). Findings of fact made by the commission are binding on this Court if

they are supported by credible evidence. Code § 65.2-706; *Jules Hairstylists, Inc. v. Galanes*, 1 Va. App. 64, 68, 334 S.E.2d 592, 595 (1985).

The evidence presented at the evidentiary hearing before the commission proved that claimant immediately reported his injury to his supervisor at P&P. P&P informed claimant that he was covered by their insurance policy and that notice to them was all he had to do to be covered. Claimant had only eight years of education in El Salvador and did not speak English. From this evidence, the commission found that claimant had satisfied his burden of proving a reasonable excuse for the delay in giving notice to his statutory employers. When this evidence is viewed in the light most favorable to claimant, we find that it provides the credible evidence necessary to support the commission's finding of reasonable excuse. Accordingly, we affirm the commission's decision on this issue.

## PREJUDICE CONTEMPLATED BY CODE § 65.2-600(D)

In this case of first impression, we must decide whether the prejudice contemplated by Code § 65.2-600(D) includes the economic loss suffered by a statutory employer because of an inability to obtain indemnification from claimant's direct employer. The commission found that Hi-Tech was prejudiced by claimant's failure to provide timely notice of his injury, but that Batal was not similarly prejudiced. Hi-Tech presented evidence that after the date of claimant's accident, P&P continued to work for Hi-Tech, but that before Hi-Tech received notice of claimant's injury they had already made full payment to P&P. P&P has since filed for bankruptcy protection, effectively preventing Hi-Tech from obtaining indemnification.

The commission found that the economic loss Hi-Tech would suffer by its inability to seek indemnity from P&P, claimant's direct employer, for any award Hi-Tech paid to claimant was sufficient "prejudice" under Code § 65.2-600(D) to justify discharging Hi-Tech's liability as a statutory employer. The evidence shows, however, that Hi-Tech continued to work for Batal after the date of claimant's accident, but that Batal had already made full payment to Hi-Tech before receiving notice of claimant's injury. Accordingly, both statutory employers were similarly situated, in that they were unable to withhold payments from their

subcontractors to satisfy any liability due claimant.

■ Under Code § 65.2-600, after a claimant provides a reasonable excuse for the delay in notification, the employer has "the burden of showing prejudice caused by the delay." *Westmoreland Coal Co. v. Coffey*, 13 Va. App. 446, 448, 412 S.E.2d 209, 211 (1991); *Maryland Casualty Co. v. Robinson*, 149 Va. 307, 311, 141 S.E. 225, 226 (1928). In this case, it is undisputed that claimant received prompt and appropriate medical treatment, and the extent of claimant's injury is uncontested. Further, the commission did not find that the delay hindered either statutory employer in their investigation of the claim or preparation of a defense. Rather, the commission held that Hi-Tech was prejudiced by the lack of timely notice because of Hi-Tech's "payment in full to P&P for its services before receiving notice of claimant's injury and its inability to recover the amount paid the claimant."

■ The term "prejudiced thereby," as used in Code § 65.2-600(D), is not defined in the Act nor in our published decisions or the decisions of the Supreme Court. However, other states have held:

Whether prejudice exists requires an evaluation of the evidence in relationship to the purpose of the statutory notice requirement.

"The purpose is dual: First, to enable the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury; and second, to facilitate the earliest possible investigation of the facts surrounding the injury."

*Jones v. Lowe's Companies, Inc.*, 103 N.C. App. 73, 76-77, 404 S.E.2d 165, 167 (1991) (quoting 2B Arthur Larson, *The Law of Workmen's Compensation* § 78.10 (1988)); *see also Booker v. Duke Medical Ctr.*, 297 N.C. 458, 481, 256 S.E.2d 189, 204 (1979).

■ Our review of the cases indicates that the prejudice contemplated by Code § 65.2-600(D) consistently falls within either of the two categories outlined by Professor Larson: (1) harm flowing from the employer's inability to provide immediate medical treatment to reduce the seriousness of the injury; and (2) employer's

inability to sufficiently investigate a claim or prepare a defense because of the delay. *See, e.g., C. Richard Bogese Builder, Inc. v. Robertson*, 17 Va. App. 700, 706-07, 440 S.E.2d 622, 626 (1994) (affirming commission's finding of no prejudice based on evidence that statutory employer " 'presented a vigorous defense' . . . and the record shows that [claimant] received immediate treatment for his injuries"); *Hannick v. Kelly Temporary Servs.*, 855 S.W.2d 497, 499 (Mo. Ct. App. 1993) (delay did not hinder employer's ability to minimize injury or investigate case); *Pacific Fruit Express v. Industrial Comm'n*, 153 Ariz. 210, 215-16, 735 P.2d 820, 825-26 (1987) (en banc) (lack of prejudice may be established by showing that claimant's injury was not aggravated by the employer's inability to provide early diagnosis and treatment, and by showing that employer was not hampered in making his investigation and preparing his defense).[1]

We can find no authority to support the proposition that the prejudice contemplated in Code § 65.2-600(D) includes a statutory employer's economic loss due to an inability to obtain indemnification. Because we are guided by the well settled principle that "the Workers' Compensation Law should be construed liberally in favor of the worker," *Board of Supervisors v. Martin*, 3 Va. App. 139, 146, 348 S.E.2d 540, 543 (1986), we are persuaded by the authorities cited herein and find that the phrase "prejudiced thereby," as used in Code § 65.2-600(D), does not encompass a statutory employer's economic loss from the inability to obtain indemnification.

Accordingly, we conclude that the commission's finding that Hi-Tech was prejudiced by the delay in notification is not supported by the evidence, and we reverse on this issue. Further, because we find that Batal and Hi-Tech are similarly situated, we affirm that part of the commission's decision holding that Batal was not prejudiced by the delay in notification. Therefore, both statutory employers remain liable for claimant's compensation benefits.

---

[1] In *Smith v. Amelia Dress Co.*, 51 O.I.C. 250 (1969), the commission held that claimant's employer suffered no prejudice where employer could have done nothing significant to minimize the claim had an earlier notice of accident been received. *Id.* at 251.

## INDEMNIFICATION PURSUANT TO CODE § 65.2-304

Lastly, Batal argues that it is entitled to indemnification from Hi-Tech as a matter of law. Because the commission held that Hi-Tech was discharged from liability, it declined to address the indemnification issue between statutory employers. In light of our opinion holding both statutory employers liable, we remand this matter to give the commission an opportunity to address this issue. *Cf. Sites Constr. Co. v. Harbeson*, 16 Va. App. 835, 838, 434 S.E.2d 1, 2-3 (1993).

For the reasons set forth above, we affirm in part, reverse in part, and remand this case to the commission to enter an award consistent with this opinion.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Coleman, J., and Hodges, S.J.,* concurred.

---

* Retired Judge William H. Hodges took part in the consideration of this case by designation pursuant to Code § 17-116.01.