COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia


THE UNINSURED EMPLOYERS' FUND

v.         Record No. 0328-95-2      MEMORANDUM OPINION[*]
                                  BY JUDGE SAM W. COLEMAN III
JOHN MAYFIELD,                         NOVEMBER 7, 1995
 SCOTT DIXON t/a AMERICAN RETROFIT MANAGEMENT,
 ARMADA-HOFFLER CONSTRUCTION COMPANY and
 FARMINGTON CASUALTY CO.


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Christopher D. Eib, Assistant Attorney General
        (James S. Gilmore, III, Attorney General; Richard
        L. Walton, Jr., Senior Assistant Attorney General;
        John J. Beall, Jr., Senior Assistant Attorney
        General, on brief), for appellant.

        C. Ervin Reid (Wright, Robinson, McCammon,
        Osthimer & Tatum, on brief), for appellees
        Armada-Hoffler Construction Company and Farmington
        Casualty Co.

        No brief or argument for appellees John Mayfield
        and Scott Dixon t/a American Retrofit Management.


        In this workers' compensation case, the Uninsured Employers'

Fund (Fund) appeals the commission's award of benefits to John

Mayfield (claimant) for injuries suffered while working for

American Retrofit Management (Retrofit), an uninsured sole

proprietorship.  The Fund contends that the commission erred in

finding that (1) Retrofit employed regularly in service three or

more employees, and (2) Armada-Hoffler Construction Co. (Armada-

Hoffler) was not liable under the Workers' Compensation Act as

_____

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the statutory employer because claimant did not have a reasonable excuse for failing to provide Armada-Hoffler with timely notice of the claim. We affirm the commission's award.

                              I.

Code § 65.2-101 ("Employee") 2.h excludes from the definition of employees covered by the Act "[e]mployees of any person, firm or private corporation, including any public service corporation, that has regularly in service less than three employees in the same business within this Commonwealth". In determining whether the employer has three or more employees regularly in service, the commission focuses on "the character of the business" rather than "the character of the employment relationship." Cotman v. Green, 4 Va. App. 256, 259, 356 S.E.2d 447, 448 (1987). On appeal, this Court will sustain the commission's findings of fact when supported by credible evidence, even if the record contains evidence supporting contrary findings. See Crisp v. Brown's Tysons Corner Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1985).

In the present case, Armada-Hoffler, the general contractor, subcontracted to Retrofit to remove old pipes from a building Armada-Hoffler was renovating. The contract was the first and only job Retrofit performed for Armada-Hoffler. After obtaining the contract, Retrofit hired two full-time employees to serve as supervisors and contracted with a personnel agency to provide temporary laborers. Retrofit paid the personnel agency for the

laborers and the agency in turn paid the workers as their employees. Although the temporary laborers were employees of the personnel agency and the agency chose which workers it sent to the jobsite, Retrofit could reject any of the workers. Also, when the laborers were on the job, they were subject to the control and direction of Retrofit. The agency generally provided Retrofit with six or seven temporary workers each day.

Credible evidence supports the commission's finding that Retrofit "required the continuous presence of at least six, and usually more, employees" to carry out its operations. See Cotman, 4 Va. App. at 259, 356 S.E.2d at 448 (stating that "[t]he number of persons used to carry out the established mode of performing the work of the business is determinative even though the work may be recurrent instead of constant"). The fact that the laborers were provided by a personnel agency and paid by the agency does not prevent their being the employees of Retrofit. Retrofit's contract was to remove pipes, and the laborers were required as employees of Retrofit in its usual business to perform its contract. See Smith v. Hylton, 14 Va. App. 354, 356, 416 S.E.2d 712, 714 (1992); Cotman, 4 Va. App. at 259, 356 S.E.2d at 448; see also Hoffer Bros. v. Smith, 148 Va. 220, 226, 138 S.E. 474, 476 (1927) (stating that "[t]he test is the nature of the employment and not the nature of the contract"). Although the personnel agency paid the laborers' wages, Retrofit paid the agency based on the number of laborers it used on the job. But

more significant was Retrofit's ability to control the laborers on the job, which was in furtherance of the usual business of Retrofit, and Retrofit's ability to discharge the employees by rejecting the laborers sent by the agency. The right to control how a worker performs the job and the right to discharge a worker are significant indicia in determining whether an employer-employee relationship exists under the Act. Richmond Newspapers, Inc. v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982); Behrensen v. Whitaker, 10 Va. App. 364, 366, 392 S.E.2d 508, 509 (1990); see Code § 65.2-101 ("Employee") 1.a. Accordingly, the commission did not err in holding that Retrofit regularly employed in service three or more employees.

## II.

An injured employee who fails to notify his employer of an accident within thirty days of its occurrence is barred from recovering against that employer unless the commission finds that the employee had a reasonable excuse for failing to provide timely notice and that the failure to give timely notice did not prejudice the employer. Code § 65.2-600(D); C. Richard Bogese Builder, Inc. v. Robertson, 17 Va. App. 700, 706, 440 S.E.2d 622, 626 (1994). Code § 65.2-600 requires that statutory employers as well as actual employers receive notice of the claim. Race Fork Coal Co. v. Turner, 237 Va. 639, 644, 379 S.E.2d 341, 343-44 (1989); Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 896-97, 407 S.E.2d 32, 36 (1991). Here, claimant suffered the injuries

giving rise to his claim on May 31, 1993, but Armada-Hoffler did not receive notice of the claim until November 1993. The commission found that claimant did not have a reasonable excuse for failing to provide Armada-Hoffler with notice of the claim within the statutory period.

A claimant can establish a reasonable excuse for failing to give timely notice if he "can show that he was unaware of the relationship [between the actual employer and the statutory employer] and could not reasonably have known of it within the 30-day period." Race Fork, 237 Va. at 644, 379 S.E.2d at 344. Examples of situations that have been held to be reasonable excuses include an employee who failed to give the statutory employer timely notice because the actual employer misled the employee about the identity of the statutory employer and an employee who failed to give timely notice because the actual employer misled him about what actions he had to take to be compensated for his injuries. See Bogese Builder, 17 Va. App. at 706-07, 440 S.E.2d at 626 (holding that the employee had a reasonable excuse for failing to provide timely notice because the actual employer provided the employee with the incorrect name of the general contractor); Batal Builders, Inc. v. Hi-Tech Concrete, Inc., 18 Va. App. 401, 405, 444 S.E.2d 555, 557 (1994) (finding that the actual employer "informed claimant that he was covered by their insurance policy and that notice to them was all he had to do to be covered"). In the present case, Retrofit

informed claimant that it would "take care" of his medical bills. Retrofit did not indicate that he was covered by their compensation coverage or would be paid compensation benefits. There is no evidence that Retrofit misled claimant about the identity of Armada-Hoffler or made any representations concerning claimant's coverage under the Workers' Compensation Act. Moreover, a sign at the jobsite gave notice that Armada-Hoffler was the general contractor, and Armada-Hoffler maintained an office at the jobsite. Accordingly, credible evidence supported the commission's finding that claimant was aware that Armada-Hoffler was the general contractor on the project.[1] We therefore affirm the commission's determination that claimant did not have a reasonable excuse for failing to provide Armada-Hoffler with timely notice within thirty days of the accident.

Accordingly, we affirm the commission's award.

Affirmed.

---

[1] Although claimant testified before the deputy commissioner that he became aware that Armada-Hoffler was the general contractor in the fall of 1993, more than thirty days after the May 31, 1993 accident, "[t]he fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Wagner Enterprises, 12 Va. App. at 894, 407 S.E.2d at 35. This Court "does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Id.