COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Powell and Senior Judge Willis
Argued at Alexandria, Virginia


FAIRFAX COUNTY SCHOOL BOARD
                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 2121-10-4                        JUDGE CLEO E. POWELL
                                                             JUNE 7, 2011
MICHAEL A. HORGAN


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        Michael N. Salveson (Andrea K. Zizzi; Littler Mendelson, P.C., on
        briefs), for appellant.

        James E. Swiger (The Law Office of James E. Swiger, PLLC, on
        brief), for appellee.


        Fairfax County School Board ("the employer") appeals a decision of the Workers'

Compensation Commission ("the commission") awarding benefits to Michael A. Horgan

("Horgan").  The employer argues that the full commission erred in finding that Horgan's claim

is not barred by his failure to give notice to the employer within the statutory time frame.

Specifically, the employer asserts that 1) Horgan failed to meet his burden to provide a

reasonable excuse for not providing the employer with timely notice of his injury, and 2) that

Horgan's failure to provide notice prejudiced the employer because the employer was denied the

opportunity to investigate the accident and provide medical care to minimize the extent of the

injury.  For the reasons that follow, we affirm the commission's decision.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

On November 12, 2008, Horgan injured his right knee while at work. He initially believed that it was not a serious injury and would heal in time. After the injury, Horgan attempted to run recreationally several times but pain prevented him from doing so. In March, when his knee did not improve, he sought medical treatment. He then learned that he tore his right medial meniscus and needed surgery to repair it. On April 17, 2009, he reported to his employer that he must have torn his meniscus when he hurt his knee on November 12, 2008 because that was the only injury that he had preceding the pain.

At the hearing before the deputy commissioner, Horgan testified that when he initially injured himself,

> I thought it was something like a strain or a stretch and I walked it off and as an old athlete with previous injuries or hurts and pains, I just didn't think it was serious and just thought I'd walk it off, I'd be okay, I'd just take it easy. I was also the workman's comp rep in my building, so I knew if there was an issue I should report it right away, and . . . I just didn't think it was serious.

He stated that he reported the injury as soon as he went to the doctor and learned the severity of it. The deputy commissioner found that Horgan's belief that his injury was insignificant "reasonably excuses the failure to provide notice within thirty days." The deputy commissioner further found that the employer failed to meet its burden to demonstrate that Horgan's delay prejudiced it.

Employer appealed to the full commission. The full commission found that Horgan provided a reasonable excuse for not giving timely notice of his injury, reasoning that

> [i]n this case, claimant testified that he initially thought that his injury was not serious. He self-treated with activity limitation and "tincture of time" before seeking medical care. Once he sought orthopedic care for his knee problem, he reported his injury to the employer 23 days after Dr. McMahon diagnosed the meniscal tear. His recorded statement suggests that he first contacted the workers' compensation insurer even before notifying his employer.

As to prejudice, the majority of the full commission[1] determined that "there was no question that this was a compensable accident, so the employer did not lose the opportunity to investigate the claim or prepare its defense." The majority of the full commission further found that

> [t]he employer offered no evidence of prejudice at the hearing. If prejudice resulted from the claimant's delay in reporting and in seeking medical care, it is that his activity may have worsened the claimant's condition. In its written statement, the employer speculates that the claimant might not have needed surgery for his injured knee had he refrained from running. The employer offered no medical evidence that claimant's knee injury would have been worsened by his activities while he attempted to self-treat.

This appeal follows.

## II. ANALYSIS

"On appeal, we view the evidence in the light most favorable to the prevailing party before the commission." Central Va. Obstetrics & Gynecology Assoc., P.C. v. Whitfield, 42 Va. App. 264, 269, 590 S.E.2d 631, 634 (2004). "And while we conduct a *de novo* review of legal issues on matters arising from the commission, 'we give great weight to the commission's construction of the [Workers' Compensation] Act, and we defer to the commission's factual findings if supported by credible evidence in the record.'" Masonite Holdings, Inc. v. Cubbage, 53 Va. App. 13, 19-20, 668 S.E.2d 809, 812 (2008) (quoting Bay Concrete Constr. Co. v. Davis, 43 Va. App. 528, 538-39, 600 S.E.2d 144, 150 (2004)).

Code § 65.2-600(A) requires that "[e]very injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable, give or cause to be given to employer a written notice of the accident." Notice shall be given within thirty days of the accident "unless reasonable excuse is made to the satisfaction of the [c]ommission

---

[1] Commissioner Williams dissented finding that Horgan failed to provide reasonable excuse for failing to provide timely notice of his injury and that this delay prejudiced employer.

for not giving such notice and the [c]ommission is satisfied that the employer has not been prejudiced thereby." Code § 65.2-600(D).

> In order to give notice, one must have knowledge of the injury for which a claim is made. Lucas [v. Research Analysis Corp.], 209 Va. [583,] 585, 166 S.E.2d [294,] 296 [(1969)]; Maryland Casualty Co. [v. Robinson], 149 Va. [307,] 311, 141 S.E. [225,] 226 [(1928)]. Notice is reasonably excused if an accident, first regarded as trivial, is later learned through medical diagnosis to be serious. Lucas, 209 Va. at 586, 166 S.E.2d at 296.

Westmoreland Coal Co. v. Coffey, 13 Va. App. 446, 449, 412 S.E.2d 209, 211 (1991).

Here, the full commission found that Horgan provided a reasonable excuse for not giving his employer timely notice of his injury. This finding is supported by Horgan's testimony at the hearing in which he testified that when he initially injured himself, he didn't think the injury was serious and thought it would heal on its own in time. He stated that he reported the injury as soon as he went to the doctor and learned the severity of it. Thus, the commission's finding that Horgan provided reasonable excuse for the late reporting is not without evidence to support it.

"Under Code § 65.2-600, after a claimant provides a reasonable excuse for the delay in notification, the employer has 'the burden of showing prejudice caused by the delay.'" Batal Builders, Inc. v. Hi-Tech Concrete, Inc., 18 Va. App. 401, 406, 444 S.E.2d 555, 558 (1994) (quoting Coffey, 13 Va. App. at 448, 412 S.E.2d at 211).

Here, the commission found that the employer failed to meet its burden to prove prejudice caused by Horgan's delay. Indeed, a review of the record supports the commission's finding that employer merely argued that it was prejudiced because time and activity could have worsened Horgan's injury but provided no evidence to support that argument. Thus, the record supports the commission's finding that the employer failed to demonstrate that it was prejudiced.

## III.  CONCLUSION

For the foregoing reasons, we affirm the commission's decision.

Affirmed.