COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Petty and Beales
Argued at Chesapeake, Virginia


VIRGINIA INTERNATIONAL TERMINALS AND
  UNITED STATES FIDELITY &
  GUARANTY COMPANY
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2721-10-1                      JUDGE WILLIAM G. PETTY
                                                           JUNE 28, 2011
JOHN McCARTHY

              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Adam Rafal (R. John Barrett; Lisa L. Thatch; Vandeventer Black,
              on brief), for appellants.

              Philip J. Geib for appellee.


       Employer, Virginia International Terminals,[1] appeals the Workers' Compensation

Commission's decision to award claimant, John McCarthy, benefits for an injury by accident

arising out of his job with employer.  Employer raises two assignments of error.  First, employer

assigns error to the commission's determination that claimant's injury was compensable.  In

employer's view, the commission should not have accepted claimant's testimony describing how

he suffered the injury as credible.  Second, employer assigns error to the commission's decisions

that claimant's excuse for failing to give employer timely notice under Code § 65.2-600 was

reasonable and, further, that the employer failed to demonstrate prejudice as the result of the

delayed notice.  For the following reasons, we affirm.

_____

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

       [1] Although the employer's insurance carrier is also a party to this appeal, for ease we
simply refer to the appellants collectively as "employer."

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. "On appeal from a decision of the Workers' Compensation Commission, the evidence and all reasonable inferences that may be drawn from that evidence are viewed in the light most favorable to the party prevailing below." Artis v. Ottenberg's Bakers, Inc., 45 Va. App. 72, 83, 608 S.E.2d 512, 517 (2005) (citing Clinchfield Coal Co. v. Reed, 40 Va. App. 69, 72, 577 S.E.2d 538, 539 (2003)).

II.

A.  Compensable Injury

Employer first assigns error to the full commission's determination that claimant suffered a compensable injury.  Employer argues that the full commission should not have accepted claimant's testimony as credible because it "conflicted" with claimant's initial statement to emergency room staff.  It further suggests that, due to this inconsistency, the full commission should not have accepted the credibility determination of the deputy commissioner.  In our view, the record does not demonstrate that the deputy commissioner was plainly wrong in his credibility determination, or that the full commission erred when it accepted that determination. Therefore, we will not disturb this factual finding on appeal.

Whether a claimant suffered a compensable injury is a question of fact.  Hoffman v. Carter, 50 Va. App. 199, 212, 648 S.E.2d 318, 325 (2007) (citing Grayson Cnty. Sch. Bd. v. Cornett, 39 Va. App. 279, 288, 572 S.E.2d 505, 510 (2002)).  "Factual findings of the commission will not be disturbed on appeal unless plainly wrong or without credible evidence to

support them." Ga. Pac. Corp. v. Dancy, 17 Va. App. 128, 135, 435 S.E.2d 898, 902 (1993) (citing Armstrong Furniture v. Elder, 4 Va. App. 238, 247, 356 S.E.2d 614, 619 (1987)).

Employer insists that the deputy commissioner should not have believed claimant's account of his accident because when claimant went to the emergency room, he denied that he had suffered a job-related injury, and, on the day of the injury, claimant had not reported its occurrence. Nonetheless, claimant later told a specialist that the injury happened at work, and he later reported the injury to employer. Claimant testified that he was initially afraid of losing his job, which is why he did not immediately report the injury. The deputy commissioner, who had the sole opportunity to observe claimant when he testified, accepted this explanation and determined that claimant was a credible witness.

Employer argues that the deputy commissioner should have accepted claimant's initial account of the injury in the emergency room and not the later account claimant provided to the specialist, because, employer claims, a witness' recall of events is more reliable the closer in time that it is made to an accident. Employer further suggests that the reason for the change in claimant's account was because he met with his union representative. Employer speculates that the representative advised claimant to change his story in order to receive benefits. In contrast, claimant testified that he was concerned that he would lose his job working as a "strad" operator, which is why he initially did not tell the emergency room staff that his injury was work-related. It was for the deputy commissioner, and later the full commission, to sort out the competing theories and to discern which version of events actually occurred. See Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (stating that "the fact finder is not required to believe all aspects of a defendant's statement or testimony"). This is the task of every fact-finder, who must wade through seemingly inconsistent or contradictory statements made by one or more witnesses to reach the truth. See id. Accordingly, we cannot say that the

deputy commissioner was plainly wrong when he accepted claimant's account of how his injury occurred.

Nor can we say that the full commission was plainly wrong when it accepted the factual findings of the deputy commissioner. Employer relies upon Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 363 S.E.2d 433 (1987), and Bullion Hollow Enter., Inc. v. Lane, 14 Va. App. 725, 418 S.E.2d 904 (1992), to suggest that the full commission erred when it accepted the factual finding of the deputy commissioner that claimant's testimony was credible. In employer's words, the deputy commissioner "did not make a 'specific recorded observation' related to [his] credibility determination" or explicitly state that the credibility determination was "formed by observing the [claimant's] demeanor or appearance," and thereby argues that the full commission should not have accepted the factual finding based on these cases.

Employer's reliance on Goodyear and Bullion is misplaced; in fact, Bullion explicitly confronts and rejects employer's position. In Goodyear, the full commission, without explanation, reversed the credibility determination of a deputy commissioner that had expressly written that the determination was based upon the witness' demeanor and appearance. Goodyear, 5 Va. App. at 380-83, 363 S.E.2d at 436-38. This Court reversed, holding that the record had to show that the full commission was not arbitrarily reversing a credibility determination made by the deputy commissioner under such circumstances, which it failed to do in that case. Id. at 382-83, 363 S.E.2d at 437-38. In contrast, the deputy commissioner in Bullion did not make any specific written observations regarding the testimony of two competing witnesses. Bullion, 14 Va. App. at 729, 418 S.E.2d at 907. In fact, the deputy commissioner made no express credibility determination about those witnesses, although it implicitly did so. Id. The full commission accepted the credibility determination of the deputy commissioner without explanation, and this Court affirmed. Id. at 730, 418 S.E.2d at 907.

As Bullion points out, "'[t]he law does not require the commission to state its reasons for believing one witness over another.'" Id. (quoting Goodyear, 5 Va. App. at 383, 363 S.E.2d at 438). While the full commission *may* have to explain why it has chosen to *disregard* the credibility determination of a deputy commissioner,[2] Goodyear, 5 Va. App. at 382-83, 363 S.E.2d at 437-38, the commission does not have to explain why it has chosen to *accept* the credibility determination of a deputy commissioner, Bullion, 14 Va. App. at 729, 418 S.E.2d at 907. This makes perfect sense in light of the deputy commissioner's role effectively as an agent of the full commission. See Code § 65.2-704(A) (designating the full commission or its deputies as those with the authority to grant an initial award for benefits). In that capacity, the deputy conducts an evidentiary hearing on a claim for benefits. See Code § 65.2-203(A) (setting forth the powers and duties of deputy commissioners, including conducting such hearings). The full commission, however, need not conduct such a hearing, although it can. Goodyear, 5 Va. App. at 382-83, 363 S.E.2d at 437-38; see Code § 65.2-705(A) (allowing the full commission to conduct an evidentiary hearing when reviewing an award "if deemed advisable"). This means that oftentimes the full commission will not review the evidence in the same way that the deputy commissioner has. To the extent the full commission has not actually viewed the witnesses and their appearance or demeanor, it naturally follows that it will simply adopt the deputy commissioner's credibility determinations about those witnesses, which it is free to do without explanation. Bullion, 14 Va. App. at 729, 418 S.E.2d at 907. That is precisely what the full commission did here. Thus, neither the deputy commissioner nor the full commission was

---

[2] As this Court explained, the full commission, as a matter of law, is not required to explain its decision to overturn the credibility determination of a deputy commissioner expressly based on demeanor or appearance, nor is it required to recall the witness to make its own evaluation. Goodyear, 5 Va. App. at 382-83, 363 S.E.2d at 437-38. It simply must be apparent from the record that the decision to overturn the deputy commissioner's credibility determination, under those specific circumstances, was not arbitrary. Id. at 383, 363 S.E.2d at 438.

plainly wrong in its acceptance of the claimant's testimony as credible, and we will not disturb that credibility determination on appeal.

## B. Notice

Employer next assigns error to the full commission's decision to award claimant benefits despite his failure to timely notify employer of the occurrence of his injury as required by Code § 65.2-600. Specifically, employer argues that the full commission should not have determined that claimant had a reasonable excuse that overcame claimant's untimely notice of the injury. Employer argues further that, even if the excuse was reasonable, claimant's untimely notice prejudiced employer, which under Code § 65.2-600 overcomes the excuse and renders the claimant ineligible for benefits. We conclude that the commission did not err when it found that claimant's initial belief that his injury was trivial reasonably excused his untimely notice of the injury to employer. We also conclude that the commission did not err when it concluded that employer failed to meet its burden to overcome the excuse by demonstrating prejudice because employer failed to present evidence on that point.

Generally, a worker must notify his employer in writing of the occurrence of an injury within thirty days of the occurrence in order to receive workers' compensation benefits. Code § 65.2-600(D). Notice need not be in writing in all cases, however; notice to a supervisor, as in this case, will suffice. Goodyear Tire & Rubber Co. v. Harris, 35 Va. App. 162, 171, 543 S.E.2d 619, 623 (2001). The fact that claimant provided untimely notice here is not in dispute. Rather, employer first takes issue with the commission's finding that claimant provided a reasonable excuse, which, absent prejudice to employer, alleviated claimant's duty to provide such notice. As the commission recognized below, a worker that provides a reasonable excuse for his untimely notice can still receive benefits under the Workers' Compensation Act. Id.; Westmoreland Coal Co. v. Coffey, 13 Va. App. 446, 448, 412 S.E.2d 209, 211 (1991). Whether

the excuse is reasonable is for the commission to decide. Code § 65.2-600(D) (stating that untimely notice bars a claim for compensation "unless reasonable excuse is made *to the satisfaction of the Commission*" (emphasis added)).

One such excuse arises when a claimant explains that he initially believed that he suffered only a minor injury, but through later medical diagnosis discovered that he suffered a serious injury. Westmoreland, 13 Va. App. at 448-49, 412 S.E.2d at 210-11. The Supreme Court has previously applied this principle in two notable cases. In Lucas v. Research Analysis Corp., 209 Va. 583, 166 S.E.2d 294 (1969), a worker bumped his knee on a protrusion while at work and waited a few minutes for the pain to subside, thinking he suffered only a minor injury. Id. at 584, 166 S.E.2d at 295. However, sixth months later, he discovered through medical diagnosis that he had actually torn cartilage in his knee. Id. About two-and-a-half weeks later, the worker notified his employer of the injury. Id. at 584-85, 166 S.E.2d at 295. Although the Supreme Court remanded for further proceedings because the commission had not decided whether the excuse was reasonable, the Court seemed to acknowledge that the commission could permissibly come to that conclusion under these facts. Id. at 586-87, 166 S.E.2d at 296.

The Supreme Court made that assessment based on the earlier case of Maryland Cas. Co. v. Robinson, 149 Va. 307, 141 S.E. 225 (1928), which upheld the commission's finding of a reasonable excuse. Id. at 310-11, 141 S.E. at 225-26. In that case, a worker performed some heavy lifting at work. Id. at 309-10, 141 S.E. at 225. Although he felt soreness afterward in his side, he did not then realize that he had, in fact, suffered a hernia from the lifting. Id. at 311, 141 S.E. at 226. Over two months later, the worker, while undressing, felt a sharp pain in his groin and noticed a knot in that area. Id. Not long thereafter, a medical diagnosis revealed to the worker that he had a hernia, at which point he notified his employer of the injury. Id. at 225, 141 S.E. at 310. The commission found that the worker had a reasonable excuse for providing the

employer untimely notice, and the Supreme Court affirmed that finding. Id. at 225-26, 141 S.E. at 310-11.

In Robinson, the commission viewed the worker as legitimately believing he had suffered only a minor injury that did not require medical attention. The commission here similarly viewed claimant as legitimately believing that he had initially only pulled a muscle that did not require medical attention.[3] About a month later, claimant learned that he had actually torn his rotator cuff—just as the worker in Robinson later learned of his serious injury through medical diagnosis. In fact, the time it took for claimant to discover and report his injury to employer was shorter than the time it took the worker in Robinson. Accordingly, the commission was permitted to find claimant's excuse for his untimely notice reasonable in light of these circumstances. Therefore, we uphold that finding on appeal.

That conclusion does not end our analysis, however. Employer may overcome claimant's excuse by demonstrating that claimant's untimely notice prejudiced it. Code § 65.2-600(D). Employer bears the burden of proving that the delay prejudiced it, Westmoreland, 13 Va. App. at 448, 412 S.E.2d at 211, and it must do so to the satisfaction of the commission, Code § 65.2-600(D).

In this case, employer argues that it was prejudiced in two ways. First, employer argues that it was unable to investigate the scene of the accident to verify claimant's account of what happened. Second, employer argues that claimant aggravated his injury more than he otherwise would have had he notified employer, since employer reasons that it could have ensured work commensurate with his injury, which would have lessened its workers' compensation liability. The problem for employer, however, is that these arguments rely on assumptions without any

---

[3] As we have already explained, the commission was not plainly wrong when it accepted the testimony of claimant as credible, which included his initial belief that he had suffered a minor muscle pull.

- 8 -

evidentiary basis.[4]  To show that it was prejudiced in its investigation, employer needed to present some evidence that the delay obstructed its investigation.  Yet, employer presented no evidence that it could have investigated the workplace defect had it received timely notice, nor did it show why it was unable to investigate the scene of the accident once it did receive notice.  Similarly, employer did not put on any evidence that claimant aggravated his injury from further work.  Without some kind of medical evidence, this argument amounts to mere speculation.  Accordingly, the commission did not err when it rejected these arguments for insufficient evidentiary support.

Since employer did not show prejudice, claimant's reasonable excuse alleviated his duty to otherwise timely notify employer of his injury under Code § 65.2-600.  Therefore, the commission did not err when it excused claimant's untimely notice and awarded him benefits.

III.

For the foregoing reasons, we conclude that the commission did not err when it accepted as credible claimant's testimony regarding how the accident occurred.  We also conclude that the commission did not err when it found claimant's excuse for providing untimely notice to employer reasonable and, further, when it found that employer had failed to overcome that excuse by showing employer was prejudiced by the delay.  Therefore, we affirm.

<u>Affirmed.</u>

---

[4] We state no opinion regarding whether these arguments, if properly supported by evidence, could demonstrate the kind of prejudice contemplated by Code § 65.2-600(D).