# Richmond.

MARYLAND CASUALTY COMPANY AND COMMONWEALTH
OF VIRGINIA-LIBRARY BOARD V. MORGAN
P. ROBINSON.

January 19, 1928.

Absent, Burks, J.

1. WORKMEN'S COMPENSATION ACT—*Notice of Accident—Time within which Notice should be Given—Excuse for Delay—Case at Bar.*—The instant case was an appeal from an award of the Industrial Commission in favor of the State Archivist, who was injured while engaged in moving a metal shelf of books in the Library building. The injury occurred in the latter part of November, 1926, but notice of the claim was not given until early in February, 1927. Section 23 of the workmen's compensation act (Code of 1924, section 1887 (23); Acts 1918, page 637) provides that the written notice of accident shall be given within thirty days. Claimant in the instant case was conscious of inconvenience and soreness but did not know that he had suffered hernia, until the night of February 7th, when he discovered that a knot had appeared.

   *Held:* That the claimant was excused from giving notice earlier; that the notice was given as soon as practicable and was sufficient and that the employer was not in any way prejudiced by the delay.

2. WORKMEN'S COMPENSATION ACT—*Notice of Accident—Knowledge of Injury.*—Section 23 of the workmen's compensation act (Code of 1924, section 1887 (23) ) provides that employer shall be given written notice of the accident within thirty days after its occurrence. This requirement of notice necessarily implies knowledge by the claimant of the injury for which the claim is made.

3. WORKMEN'S COMPENSATION ACT—*Notice of Accident—Excuse for Delay—Burden of Proof.*—Under the workmen's compensation act (Code of 1924, section 1887 (23) ), while the burden of showing reasonable excuse for delay in giving notice of accident is upon the claimant, after this is shown to the satisfaction of the Commission, then the burden is upon the employer to show that he has been prejudiced by the delay. In the instant case notice was given as soon as practicable, the excuse for the delay was fully explained and the employer was not prejudiced.

4. Workmen's Compensation Act—*Hernia*—*Hernia Must Appear Suddenly—Case at Bar.*—Under the workmen's compensation act (Code of 1924, section 1887 (2e) ), to justify compensation for hernia the hernia must appear "suddenly." In the instant case claimant, though conscious of inconvenience and soreness in his left side following the accident, did not discover a visible knot for more than two months after the injury, when he consulted a surgeon who diagnosed his trouble as hernia and operated successfully on him for the hernia. The contention was made that suddenly, in the statute, meant that the hernia must appear immediately. The medical testimony was to the effect that the connection between the injury which was the cause and the hernia which was the consequence was sudden, and that the hernia which later became so apparent was the result of the accidental injury without any supervening cause.

*Held:* That it would be too narrow a construction of the statute to hold that compensation should be dissallowed merely because the claimant was ignorant either of the precise nature or extent of his injury until after the protrusion developed and he had taken expert advice.

5. Workmen's Compensation Act—*Hernia*—*Prior Existence*—*Case at Bar.*—Section 1887 (2e) (Code of 1924) of the workmen's compensation act requires that on a claim for compensation for hernia following an accident that it must be shown that the hernia did not exist prior to the accident for which compensation was claimed.

*Held:* That the commission was justified in finding that the hernia in the instant case had no prior existence, on the uncontradicted evidence to that effect of the claimant and his surgeon.

6. Workmen's Compensation Act—*Hernia*—*Surgeon's Fee*—*Claimant not Discovering Hernia until Over Two Months after the Accident—Case at Bar.*—In the instant case, a proceeding under the workmen's compensation act, claimant did not discover that he was suffering from hernia for more than two months after the accident when a visible knot appeared and his surgeon diagnosed his trouble as hernia. Section 1887 (26) of the Code of 1924 provides for medical attention to be furnished by the employer for a period not exceeding sixty days after an accident and it was contended, because of this provision, that no surgeon's fee for the operation on claimant for hernia should be allowed.

*Held:* That the Commission was right in allowing the surgeon's fee.

7. Workmen's Compensation Act—*Hernia*—*Surgeon's Fee*—*Claimant not Discovering Hernia until Over Two Months after the Accident.*—If in hernia cases under the workmen's compensation act the right to surgical attention were limited to sixty days and during that period claimant was ignorant of the nature of his injury, it would result in

denying a claimant (for hernia) the benefits of the act, section 1887 (26) of the Code of 1924. The act should not be so construed. The claimant (to use the language of the act) is "in addition entitled to such surgical and hospital service and supplies as may be deemed necessary by said attending physicians or the Industrial Commission."

8. WORKMEN'S COMPENSATION ACT—*Hernia—Compensation for Time Claimant was in Hospital—Claimant Failing to Discover that he was Suffering from Hernia for more than Two Months after the Accident—Case at Bar.*—In the instant case claimant for compensation under the workmen's compensation act did not discover that he was suffering from hernia until more than two months after the accident when a visible knot appeared and he consulted a surgeon who diagnosed his case as hernia and performed a successful operation. The Industrial Commission allowed claimant compensation for the period of actual incapacity during the time he was in the hospital for the operation and cure. The Commission stated that if the operation had been performed earlier there would have been the same period of incapacity whether it had occurred during the sixty day period in which the employer is required to furnish medical attention under section 26 of the workmen's compensation act (Code of 1924, section 1887 (26) ) or thereafter.

*Held:* That the Industrial Commission was right in allowing this compensation.

Error to an award of the Industrial Commission.

*Affirmed.*

The opinion states the case.

*Sinnott, May & Leaman,* for the plaintiffs in error.

*Sands, Williams & Lightfoot,* for the defendant in error.

PRENTIS, P., delivered the opinion of the court.

This is an appeal from an award of the Industrial Commission of Virginia in favor of Morgan P. Robinson as an employee of the Library Board of the State. He is the State Archivist, who was injured while en-

gaged in moving a metal shelf of books in the Library building. No question is made as to the right of Robinson to compensation if under the compensation act there is any liability on the employer and the Maryland Casualty Company as the insurance carrier for the Commonwealth. The assignment of error is equivalent to a demurrer, and that under the facts the Industrial Commission erred in awarding any compensation.

1. It is claimed that the notice of the accident was insufficient.

The injury occurred between November 22 and 26, 1926, but notice of the claim was not given until early in February, 1927.

Section 23 of the workmen's compensation act (Acts 1918, chapter 400) is the pertinent provision and reads: "Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any compensation which may have accrued under the terms of this act, prior to the giving of such notice, unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity or the fraud or deceit of some third person, but no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice, and the Commission is satisfied that the employer has not been prejudiced thereby."

The reason for the failure to give the notice sooner is clearly shown. The employee was conscious of inconvenience and soreness in his left side, but he did not know that he had suffered the hernia for which he afterwards claimed, and he did not attribute his pain to the accident. It was not until the night of February 7th, while undressing, that he felt a sharp pain in the groin and discovered that a knot had appeared. The next day he consulted his physician, who after examination diagnosed his trouble as a hernia and advised an operation, which operation the surgeon successfully performed on the 2nd day of March.

[1, 2] The Commission was well justified in holding that the claimant was, under the act, excused from giving notice at an earlier date; that the notice was given as soon as practicable and was sufficient. The requirement of notice necessarily implies knowledge of the injury for which claim is made. In this case it was not only impracticable but impossible to give the notice before the claimant first learned of the hernia through the external manifestation.

[3] It is also apparent that the employer was not in any way prejudiced by the delay.

While the burden of showing a reasonable excuse for such delay in giving notice is upon the claimant, after this is shown to the satisfaction of the Commission, then the burden is upon the employer to show that he has been prejudiced by the delay. In this case, as we have indicated, the notice was given as soon as practicable, the excuse for the delay is fully explained, and the employer has not been prejudiced.

2. The claim is based on section 2, subsection (e), of the workmen's compensation act, which reads: "In all claims for compensation for hernia resulting from injury by accident arising out of and in the course of

the employee's employment, it must be definitely proven to the satisfaction of the Industrial Commission:

"First: That there was an injury resulting in hernia;

"Second: That the hernia appeared suddenly;

"Third: That it was accompanied by pain;

"Fourth: That the hernia immediately followed an accident;

'Fifth: That the hernia did not exist prior to the accident for which compensation is claimed.

"All hernia, inguinal, femeral, or otherwise, so proven to be the result of an injury by accident arising out of and in the course of the employment, shall be treated in a surgical manner by radical operation. If death results from such operation, the death shall be considered as a result of the injury, and compensation paid in accordance with the provisions of section thirty-nine. In non-fatal cases, time loss only shall be paid, unless it is shown by special examination, as provided in section twenty-eight, that the injured employee has a permanent partial disability resulting after the operation. If so, compensation shall be paid in accordance with the provisions of section thirty-one with reference to partial disability.

"In case the injured employee refuses to undergo the radical operation for the cure of said hernia, no compensation will be allowed during the time such refusal continues. If, however, it is shown that the employee has some chronic disease, or is otherwise in such physical condition that the Commission considers it unsafe for the employee to undergo said operation, the employee shall be paid as provided in section thirty-one."

It is observed then that the statute requires the claimant to prove:

First: That there was an injury resulting in hernia.

As to this requirement, the finding of the Commission is clear, and is justified upon the uncontradicted evidence of the claimant and the surgeon. The hernia resulted directly from the injury as claimed.

[4] Second: To justify compensation the act requires that the hernia appear "suddenly." The contention is made that this means that it must appear immediately. As to this defense the Commission says this: "This Commission has had the same question before it, and has ruled adversely to the contention here made. It is, of course, true that to obtain a recovery in a hernia case, there must be a sudden occurrence to account for the hernia, but it" (meaning the statute) "does not say that there must be a sudden protrusion in order to comply with this section, and such was the holding in the case of *Meeks* v. *Virginia Alberene Corporation*, 8 O. I. C. 576, and review, 755. The contention here advanced by the insurance carrier was discussed, and the Commission held adversely to the position now taken by the insurer. It was stated in that case:

" 'It is, however, our understanding, and such was the medical testimony in the case, that there may actually be a hernia, and that the protrusion may not have developed to such an extent as to have caused any appreciable knot, but if an incision were made at the point of the hernia, it would very clearly appear. The attorney for the insurer is quite correct in his statement that the five grounds laid down under section 2 (e) must always be present before compensation for hernia can be awarded. We do not, however, construe the provisions of this section to exclude compensation for hernia simply because an external knot is not visible immediately upon rupturing of the abdominal wall. As a matter of fact, there might be a very small

split or rupture through which there would be such a small protrusion as not to produce an appreciable bulging, visible from the outside, yet a true hernia might be present.' "

The commission is fully supported in its holding in this case by the medical opinion to the effect that the connection between the injury which was the cause and the hernia which was the consequence was sudden, and that the hernia which later became so apparent was the result of the accidental injury without any supervening cause. It would be too narrow a construction of the statute to hold that in such a case that compensation should be disallowed merely because the claimant was ignorant either of the precise nature or extent of his injury until after the protrusion developed and he had taken expert advice.

The commission finds that the third and fourth requisites are shown, and of this there can be no doubt whatever under this record.

[5] The fifth requisite is that it must be shown that the hernia did not exist prior to the accident for which compensation is claimed. The Commission found that it had no prior existence, and this the uncontradicted evidence of the claimant and of the surgeon supports.

[6] 3. It is also contended that no surgeon's fee for the operation should be allowed, because of this part of section 26 of the act, as amended by Acts 1920, chapter 176, which provides: "For a period not exceeding sixty days after an accident the employer shall furnish or cause to be furnished, free of charge, to the injured employee such necessary medical attention as the nature of the accident may require, and the employee shall accept, and during the whole or any part of the remainder of his disability resulting from the injury, the employer may, at his own option, con-

tinue to furnish or cause to be furnished, free of charge, to the employee, and the employee shall accept, an attending physician, unless otherwise ordered by the Industrial Commission; and in addition such surgical and hospital service and supplies as may be deemed necessary by said attending physicians or the Industrial Commission."

[7] We think that the Commission is right, also, in its construction of this section. If in hernia cases like this, the right to surgical attention were limited to sixty days and during the period when claimant was ignorant of the nature of his injury, it would result in denying a claimant (for hernia) the benefits of the act. We do not think it should be so construed, but that the claimant (to use the language of the act) is "in addition entitled to such surgical and hospital service and supplies as may be deemed necessary by said attending physicians or the Industrial Commission." This holding gives effect to the true intent and purpose of the act, and finds some support in these precedents:

In *Duffy* v. *Brookline* (1917), 226 Mass. 131, 115 N. E. 248, the claimant (already blind in one eye) had sustained a wrench in the back of his neck, causing a severe pain in his other eye, on February 25th, and suffered for five days, during which period he was confined to his bed. He resumed work on March 5th. About two weeks later he became worse and gave notice to the employer on March 17th, and finally became practically blind. Claim was resisted on the ground that notice was not given "as soon as practicable," those words being in the Massachusetts act. In this connection the court said: "The words 'as soon as practicable' import the necessity of knowledge of the attendant facts, in order that there may be a compliance with the statutory direction that the notice

316 MARYLAND CAS. CO. v. ROBINSON, 149 VA. 307.

'shall state in ordinary language the time, place and cause of the injury.' A trivial scratch or bruise of the finger ignorantly placed in contact with the infectious substance may be followed by an insiduous slow development of a most terrible disease, the nature and peril of which may be entirely unknown to the injured employee. The injury may take place in the absence of witnesses and be of a character to temporarily disable the employee, in the use of his understanding; and it may be, and perhaps usually is, of such a character that its nature and degree is known or may be determined with reasonable certainty. It is obvious that feasibility of giving notice forthwith, immediately, speedily, or with reasonable diligence, must depend on the facts of each case. We are of opinion that the words 'as soon as practicable after the happening thereof,' as used in the statute, import action according to circumstances.''

In *Johansen* v. *Union*, etc., *Co.* (1916), 99 Neb. 328, 156 N. W. 511, where boiling tar entered claimant's eye on December 18th, but he was not aware that it was dangerous until the 25th, and some time thereafter it was discovered that the injury was likely to be permanent, and on June 19th notice was given, it was held that compensation should be allowed as notice had been given within six months (the statutory period in that State) after claimant became aware of the seriousness of his injury.

In *Vandalia* v. *Holtz* (1918), 68 Ind. App. 670, 120 N. E. 386, where, under a statute like the Virginia act, requiring notice to the employer, no written notice at all was given, it appeared that the injury occurred in May, 1916, and that thereafter he continued to work for over a year, the company's physician having told him that the injury would not amount to anything, it

was held that compensation must be allowed, the circumstances constituting proper excuse for failure to give notice.

None of these cases may be precisely applicable, but certainly the rule of reason should be applied, and generally when an injured employee is shown to be entitled to an award he is usually also entitled to the medical and hospital service as limited by the act.

[8] In this case the Commission only allowed for the period of actual incapacity of the claimant during the time when he was in the hospital for the operation and cure. The Commission states that if the operation had been performed earlier there would have been the same period of incapacity, whether it had occurred during the sixty day period or thereafter.

We do not think it necessary to say more than that we agree with the Industrial Commission. The evidence supports the findings of fact. The law allows and the facts justify the award. The claimant is entitled to compensation for the hernia shown to have resulted as the immediate consequence of his injury.

*Affirmed.*