## Richmond

PHILANDER T. LUCAS v. RESEARCH ANALYSIS CORPORATION AND
TRAVELERS INSURANCE COMPANY.

March 10, 1969.

Record No. 6829.

Present, All the Justices.

*William E. O'Neill, Jr. (Ashcraft and Gerel* (D.C.), on brief), for
appellant.

*Fred C. Alexander, Jr. (Boothe, Dudley, Koontz, Blankinship &
Stump,* on brief), for appellees.

EGGLESTON, C. J., delivered the opinion of the court.

On March 13, 1967, Philander T. Lucas filed a claim with the
Industrial Commission for compensation for an accidental injury to
his right knee, arising out of and in the course of his employment
on April 24, 1966. There was a hearing before Commissioner Miller
on June 12, 1967, after which he filed a written opinion holding that
the claim for compensation should be denied, because the claimant
had failed to give his employer notice of the accident within thirty

days thereof as required by the statute. Code of 1950, § 65-82.[1] Upon review the full Commission adopted the opinion of the hearing commissioner and entered an award denying the claim, and the claimant has appealed.

Section 65-82 provides that, "Every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable give or cause to be given to the employer a written notice of the accident, * * *." It further provides that "no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby."

Since in the present case it is admitted that the required written notice was not given within thirty days after the occurrence of the accident, the question presented is whether the related circumstances show that the claimant had "reasonable excuse" for not giving such notice and that the employer had not been prejudiced thereby.

The claimant testified that on April 24, 1966, in the course of his employment while adjusting a wall clock above a cabinet, he struck his right knee on a protrusion. While he suffered immediate pain, he "thought nothing of it" and sat down for ten or fifteen minutes to recuperate. The pain then subsided and he continued with his work. In May or June he noticed "a little swelling" in the right knee, and in July called this to the attention of a dermatologist who was treating him at the out-patient clinic at the United States Naval Hospital at Bethesda, Maryland. At first the dermatologist thought that the condition might be associated with psoriasis, for which he was then treating Lucas, but when the condition persisted into October he referred the patient to an orthopedic surgeon at the same hospital. On October 24 the orthopedic surgeon diagnosed the claimant's condition as a torn cartilage which had resulted from his accident on April 24, and so advised Lucas. This was, Lucas said, the first time that he was "able to relate the injury to the accident."

On November 11, 1966 the claimant wrote his employer a letter giving notice of the accident and injury which, he said, had occurred on April 24. In this letter he said that he had not given an earlier

---

[1] Since the hearing in the present case, the workmen's compensation statutes as found in the Code of 1950, § 65-1 ff., were recodified by Acts of Assembly 1968, c. 660, p. 1123. See Code § 65.1-1 ff., 1968 Replacement Volume. As recodified, § 65-82 of the Code of 1950 is § 65.1-85.

notice because he at first regarded the injury as trivial, but when the knee "started to swell and was extremely painful" he went to the Naval Hospital where the trouble was properly diagnosed.

The opinion of the Industrial Commission makes no specific finding as to whether the related circumstances showed to its satisfaction that the claimant had made a "reasonable excuse" for not giving the notice earlier, although an inference of such finding adverse to the claimant may be drawn from the denial of compensation. Nor is there any finding by the Commission as to whether it was "satisfied" that the employer had not been prejudiced by the claimant's failure to give such notice.[2]

Our view is that the Commission should have made specific findings on these issues in accordance with the principles laid down in *Maryland Casualty Co.* v. *Robinson,* 149 Va. 307, 141 S. E. 225 (1928). In that case Robinson, an employee of the State Library Board, filed a claim for compensation for a hernia resulting from an accident arising out of and in the course of his employment. The injury occurred between November 22 and 26, 1926, while the claimant was moving a metal shelf of books. While he testified that he had some "inconvenience and soreness in his left side," he was not aware that he had suffered a hernia until the night of February 7, 1927 when he felt a sharp pain in the groin and discovered that a knot had appeared. The next day he consulted a physician who diagnosed his trouble as a hernia and advised an operation therefor. Shortly thereafter he filed with his employer a written notice of the accident.

Over the protest of the insurance carrier that the required notice of the accident had not been given within the time prescribed by the statute [Code § 65-82], the Industrial Commission made an award to Robinson for compensation for the hernia. On appeal we affirmed that award and held that under the circumstances the Commission "was well justified" in holding that the claimant was, under the statute, excused from giving notice at an earlier date and that it had been given "as soon as practicable." We there said (149 Va. at 311, 141 S.E. at 226):

"* * * The requirement of notice necessarily implies knowledge of the injury for which claim is made. In this case it was not only impracticable but impossible to give the notice before

---

[2] There was no evidence or claim of such prejudice before the Commission.

the claimant first learned of the hernia through the external manifestation. * * *

"While the burden of showing a reasonable excuse for such delay in giving notice is upon the claimant, after this is shown to the satisfaction of the Commission, then the burden is upon the employer to show that he has been prejudiced by the delay. * * *"

Our opinion in the *Robinson* case upheld the finding of the Commission that the employer was not prejudiced by the claimant's delay in giving the required notice.

In its opinion in the present case the Commission held that the decision in *Robinson* "is limited to hernia cases." We do not agree. While a considerable portion of that opinion is devoted to those sections of the Workmen's Compensation Act which apply to problems peculiar to hernias, the principles there laid down with respect to the interpretation and application of Code § 65-82, dealing with the requirement of notice to the employer, fully apply to the case with which we are here concerned.

The circumstances in the present case are quite similar to those in *Robinson*. Here, as there, the claimant employee first regarded the accident as trivial, but later learned through medical diagnosis that he had suffered therefrom a serious injury and then gave the required notice to his employer. In the *Robinson* case notice delayed until the employee had knowledge of the injury was held to be excusable.[3]

In the present case the Commission should make a specific determination, in the light of the *Robinson* case, whether it was satisfied that the claimant had a reasonable excuse for the delay is giving the required notice. It should make a further specific finding on whether it was satisfied that the employer had not been prejudiced by such delay. These specific findings should be made after a consideration of the evidence which has heretofore been heard and such other relevant evidence as may be heard.

If the Commission should determine that a reasonable excuse was made to its satisfaction for the delay in giving the notice, and that the employer was not prejudiced thereby, it should make a proper award of compensation to the claimant. If, on the other hand, it

[3] It is generally held in other jurisdictions that apparent triviality of an injury constitutes reasonable excuse for failure to give timely notice thereof. 58 Am. Jur., Workmen's Compensation, § 382, p. 830; 100 C. J. S., Workmen's Compensation, § 450 b., pp. 333, 334.

should determine these issues adversely to the claimant, the award for compensation should be denied.

The order appealed from is reversed and the proceeding remanded for the determination of these matters.

*Reversed and remanded.*