COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Willis

GOODYEAR TIRE & RUBBER COMPANY
AND
TRAVELERS INDEMNITY COMPANY OF
 ILLINOIS                                    MEMORANDUM OPINION[*]
                                                PER CURIAM
v.   Record No. 0946-96-3                       OCTOBER 1, 1996

WILLIE R. MOORE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Martha White Medley; Daniel, Vaughan, Medley &
              Smitherman, on brief), for appellants.

              (Stephen G. Bass; Carter, Craig, Bass, Blair &
              Kushner, on brief), for appellee.


     Goodyear Tire & Rubber Company and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that (1) Willie R. Moore

proved a reasonable excuse for failing to give his employer

timely notice of his June 10, 1995 injury by accident; and (2)

the employer failed to prove it suffered prejudice due to Moore's

late notice.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     Code § 65.2-600(d) requires an employee to give written

notice of an injury by accident within thirty days of the

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

accident "unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby."  In applying the statute, the principles are well established that "the burden of showing a reasonable excuse for . . . delay in giving notice is upon the [employee, and, that] . . . the burden is upon the employer to show that [the employer] has been prejudiced by the delay."  Maryland Cas. Co. v. Robinson, 149 Va. 307, 311, 141 S.E. 225, 226 (1928); see also Lucas v. Research Analysis Corp., 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969); Westmoreland Coal Co. v. Coffey, 13 Va. App. 446, 448, 412 S.E.2d 209, 211 (1991).

The evidence proved that Moore sustained a sting or burn on the left side "down in [his] privates" when he pulled a cable over a tree as part of his job duties.  Moore thought the burning sensation was caused by sweat irritating his groin.  Based upon credible evidence in the record, the commission made the following findings:

> [Moore] believed that the groin discomfort was a dermatological problem.  He treated it with rubbing alcohol.  On July 16, 1995, he first noticed a protuberance.  He then notified the plant nurse.  Notice was provided within thirty-seven days of the accident, as soon as [Moore] learned that he had sustained a hernia. . . . [Moore] was successfully treated and operated upon on August 3, 1995, more than two weeks after he reported the accident.

The commission also found that Moore offered a reasonable excuse

2

for failing to provide written notice in accordance with Code § 65.2-600 and that the employer did not prove prejudice from the delay.

In reviewing decisions of the commission with respect to reasonable excuse under Code § 65.2-600 (formerly 65.1-85), the Supreme Court has stated that the principal issue is whether evidence is offered to the satisfaction of the commission. See Lucas, 209 Va. at 586, 166 S.E.2d at 296. The record contains credible evidence from which the commission could reasonably find that Moore's excuse was reasonable. Thus, we may not disturb those findings on appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Moreover, the employer presented no evidence to show that the delay of seven days beyond the thirty-day notice period increased the severity of Moore's injury, extended his recovery time, or increased his absence from work. Thus, the commission's finding that the employer suffered no prejudice as a result of Moore's late notice is binding and conclusive upon this Court on appeal. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

For these reasons, we affirm the commission's decision.

Affirmed.