COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


SANDRA A. WHEELER

v.   Record No. 2682-96-3                    MEMORANDUM OPINION[*]
                                                  PER CURIAM
ROANOKE MEMORIAL HOSPITAL                    MARCH 18, 1997
AND
PENNSYLVANIA MANUFACTURERS'
 ASSOCIATION INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               (William H. Fralin, Jr.; Jolly, Place, Fralin &
               Prillaman, on briefs), for appellant.

               (Richard D. Lucas; Carter, Brown & Osborne,
               P.C., on brief), for appellees.


     Sandra A. Wheeler (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that (1)

the notice requirements contained in Code § 65.2-600 applied to

her claim for a back injury arising out of her August 17, 1995

compensable injury by accident; (2) she did not provide a

reasonable excuse for her failure to give timely notice of her

back injury to Roanoke Memorial Hospital (employer); and (3)

employer was not required to show that it was  prejudiced by

claimant's failure to give timely notice of her back injury.

Upon reviewing the record and the briefs of the parties, we

conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

--------

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

On August 17, 1995, claimant tripped and fell at work, sustaining a right ankle fracture. Employer accepted the ankle fracture as compensable. Thereafter, the parties executed a memorandum of agreement with respect to the ankle fracture. On January 23, 1996, the commission entered an award pursuant to the memorandum of agreement.

Claimant testified that at the time of her accident, she also felt immediate low back pain. However, she did not report her back pain to any physician until December 1995. In addition, she did not notify employer of her back injury until she filed a change in condition application for a back injury on February 28, 1996, six months after her accident and two and one-half months after she had undergone back surgery.

"'The "change in condition" which justifies reopening and modification is ordinarily a change, for better or worse, in claimant's physical condition. This change may take such form as progression, deterioration, or aggravation of the compensable condition. . . .'" Board of Supervisors v. Martin, 3 Va. App. 139, 141, 348 S.E.2d 540, 541 (1986) (quoting Leonard v. Arnold, 218 Va. 210, 214, 237 S.E.2d 97, 99 (1977) (other citation omitted)).

The commission correctly held that claimant's back injury was not a change in condition. The evidence established that claimant's back injury existed before the commission's award for

compensation and medical expenses related to claimant's compensable ankle fracture. The back injury did not arise after the award as a progression, deterioration, or aggravation of claimant's compensable ankle fracture. Moreover, no evidence showed that claimant's back injury was a compensable consequence of the ankle fracture. Rather, the evidence established that the back injury was a separate and distinct injury, which occurred immediately upon the happening of the accident. Accordingly, the commission did not err in finding that the notice provisions contained in Code § 65.2-600 applied to claimant's back injury.

## II.

Code § 65.2-600 prohibits an employee from receiving compensation or medical benefits unless the employee has given the employer written notice of the accident within thirty days of its occurrence. The notice must state the name and address of the employee, the time and place of the accident, the nature and cause of the accident, and the injury. Id. A claimant's failure to give timely notice is not a bar to an award of compensation and medical benefits if the claimant shows a reasonable excuse to the satisfaction of the commission for not giving such notice and the commission is satisfied that the employer has not been prejudiced thereby. Id.

"The employee [bears] the burden of proving a reasonable excuse for failing to give timely notice of any injury." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 896, 407 S.E.2d 32, 36

3

(1991).  Unless we can say as a matter of law that claimant's evidence sustained her burden of proof, the commission's findings are binding and conclusive upon us.  Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Claimant testified that she did not give timely notice of her back injury to employer because she and her physician focused on her more painful ankle injury.  In addition, she stated that she did not realize that the back injury was related to her fall until December 1995 when her physician took her off her crutches, and she was uncertain as to whether the back injury was the result of the fall or of a prior back condition.

The commission did not find these explanations satisfactory to excuse claimant's failure to give timely notice pursuant to Code § 65.2-600.  In so ruling, the commission found as follows:

> The claimant testified that she was aware of low back pain immediately after the fall.  If so, there was no reason that this complaint could not have been made known to her employer and the treating physicians at that time, or certainly within 30 days of the occurrence.  Instead, no complaint was made for three and one-half months after the fall.  This is not a defect or inaccuracy in her notice of accident to the employer, as argued by counsel for the claimant, but rather is an omission.  Moreover, it is an omission which is not satisfactorily explained . . . .

Based upon this record, we cannot say as a matter of law that claimant's evidence sustained her burden of proving that she had a reasonable excuse for failing to give timely notice of her back injury to employer as required by Code § 65.2-600.

4

III.

The burden of proving prejudice caused by a claimant's delay in giving notice does not shift to the employer unless the claimant has established a reasonable excuse for the delay to the satisfaction of the commission.  Lucas v. Research Analysis Corp., 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969); Maryland Cas. Co. v. Robinson, 149 Va. 307, 311, 141 S.E. 225, 226 (1928). Because claimant did not establish a reasonable excuse for failing to give employer notice of her back injury within thirty days of its occurrence, the commission did not err in not requiring employer to show prejudice.

For the reasons stated, we affirm the commission's decision.

Affirmed.