COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Elder and Fitzpatrick

FAIRFAX COUNTY SCHOOL BOARD

v.          Record No. 3092-96-4

LOUISE S. ROSTKER

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 10, 1997

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Michael N. Salveson; Hunton & Williams, on
briefs), for appellant.

(James F. Green; Ashcraft & Gerel, on brief),
for appellee.

Fairfax County School Board (employer) contends that the Workers' Compensation Commission (commission) erred in finding that Louise S. Rostker (claimant) proved a reasonable excuse for failing to give her employer timely notice of her October 10, 1995 injury by accident.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

Code § 65.2-600(d) requires an employee to give written notice of an injury by accident within thirty days of the accident "unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby."  In applying the statute, the principles are well established that

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

"[t]he burden of showing a reasonable excuse for . . . delay in giving notice is upon the [employee, and, that] . . . the burden is upon the employer to show that [the employer] has been prejudiced by the delay."  Maryland Cas. Co. v. Robinson, 149 Va. 307, 311, 141 S.E. 225, 226 (1928); see also Lucas v. Research Analysis Corp., 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969); Westmoreland Coal Co. v. Coffey, 13 Va. App. 446, 448, 412 S.E.2d 209, 211 (1991).

The commission found that claimant offered a reasonable excuse for her failure to provide written notice in accordance with Code § 65.2-600.  In its opinion, the commission made the following findings:

> The claimant testified that, notwithstanding the pain and swelling, she thought her injury was trivial.  The Deputy Commissioner found the claimant's testimony credible.  We agree and further note that the claimant did not miss any time from work after the accident and that Dr. Lofton's [sic] initial treatment corroborates the claimant's testimony that the injury was not severe.  When Dr. Lofton [sic] recommended a bone scan and more aggressive treatment, the claimant realized her injury was more serious and she notified her employer.  The claimant has presented a reasonable excuse and there was no evidence of prejudice.[1]

In reviewing decisions of the commission with respect to reasonable excuse under Code § 65.2-600 (formerly 65.1-85), the Supreme Court has stated that the principal issue is whether

---

[1]Employer does not challenge the commission's finding that it failed to prove it suffered prejudice as a result of claimant's delay in giving notice.

evidence is offered to the satisfaction of the commission. See Lucas, 209 Va. at 586, 166 S.E.2d at 296.

On October 10, 1995, claimant, who worked for employer as a special education teacher, injured her right foot, when a student accidentally knocked over a chair, which landed on the top of claimant's right foot. Claimant continued to work, believing that her pain "would pass." When the swelling and pain did not resolve, claimant sought medical treatment from Dr. Charles Lefton on November 2, 1995. Dr. Lefton took x-rays of claimant's foot, which she believed were normal. Claimant understood from Dr. Lefton that she had a bruise, which would go away. Dr. Lefton prescribed anti-inflammatory medication. When the medication did not bring the swelling down, Dr. Lefton injected claimant's foot. The injection made claimant's condition worse, and Dr. Lefton then prescribed orthotics for claimant's shoes, which were also ineffective.

At the end of January 1996, Dr. Lefton recommended that claimant undergo a bone scan. At that time, claimant panicked because she thought she might need some "extreme kind of medical care that might prevent working." Claimant reported the accident to employer on January 31, 1996. Claimant testified that she did not report the accident earlier because "[i]t didn't seem necessary. It seemed trivial. And once a couple of weeks had passed and other people were aware that I was in pain I was told, you can't report after 24 hours."

The February 5, 1996 bone scan revealed probable occult fractures of the second and third metatarsals. Due to these results, Dr. Lefton prescribed a boot for claimant to wear on her foot, similar to a cast. Because claimant was still in pain after the boot was removed, Dr. Lefton referred claimant to Dr. Mark Myerson for evaluation. Dr. Myerson returned claimant to Dr. Lefton's care. On June 19, 1996, claimant started physical therapy.

The commission found that claimant's excuse was reasonable. Credible evidence established that she did not immediately report the accident because she thought her injury was trivial. "Notice is reasonably excused if an accident, first regarded as trivial, is later learned through medical diagnosis to be serious." Coffey, 13 Va. App. at 449, 412 S.E.2d at 211. Because credible evidence supports the commission's finding that claimant had a reasonable excuse for not reporting the accident to her employer earlier, we may not disturb the commission's decision. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

For these reasons, we affirm the commission's decision.

Affirmed.

4