COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Coleman and Willis


ADAMS CONSTRUCTION COMPANY AND
 TRANSPORTATION INSURANCE COMPANY

MEMORANDUM OPINION[*]
v.   Record No. 0642-97-3             PER CURIAM
                                     JULY 29, 1997
CLARENCE RAY BOUSMAN


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                   (Roya Palmer; Law Offices of Richard A.
               Hobson, on brief), for appellants.

                   (Randy V. Cargill; Magee, Foster, Goldstein &
               Sayers, on brief), for appellee.


     Adams Construction Company and its insurer (hereinafter

collectively referred to as "employer") appeal a decision of the

Workers' Compensation Commission awarding compensation benefits

to Clarence Ray Bousman.  Employer contends that the commission

erred in finding that (1) Bousman proved a reasonable excuse for

failing to give timely notice of his March 17, 1995 injury by

accident to employer; and (2) employer failed to prove it

suffered prejudice due to Bousman's late notice.  Finding no

error, we affirm the commission's decision.

     Code § 65.2-600(D) requires an employee to give written

notice of an injury by accident within thirty days of the

accident "unless reasonable excuse is made to the satisfaction of

the Commission for not giving such notice and the Commission is

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

satisfied that the employer has not been prejudiced thereby."  In applying the substantially similar predecessor statute, the Supreme Court ruled that "the burden of showing a reasonable excuse for . . . delay in giving notice is upon the [employee, and that] . . . the burden is upon the employer to show that [the employer] has been prejudiced by the delay."  Maryland Cas. Co. v. Robinson, 149 Va. 307, 311, 141 S.E. 225, 226 (1928).  See also Lucas v. Research Analysis Corp., 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969); Westmoreland Coal Co. v. Coffey, 13 Va. App. 446, 448, 412 S.E.2d 209, 211 (1991).

Credible evidence proved that on March 17, 1995, while operating a front-end loader on a job site, Bousman struck a dump truck, which had backed into his path unobserved.  Bousman testified that his head hit the glass enclosure and he became disoriented.  He reported the incident to the employer's safety director.  The safety director inspected the front-end loader and the truck for damage.  However, the safety director testified that Bousman did not report an injury.

Bousman also reported the accident to his supervisor on the same day it occurred.  Although the supervisor acknowledged receiving this notice, he testified that Bousman did not report any injury.  Bousman testified that while he experienced a stiff neck a day after the accident, he did not attribute it or the onset of shoulder discomfort a short while later to the accident.

Beginning April 16, 1995, Bousman sought medical treatment

2

for left shoulder pain.  He received follow-up care for his shoulder condition on April 21 and 24, 1995 and May 7, 1995. Bousman continued to work until May 10, 1995, when a co-worker pulled him from the floor onto a platform.  Bousman felt a pull in his neck and sought emergency medical treatment.  He was treated for left shoulder injury.  On May 12, 1995, Bousman reported the March 17, 1995 accident to Dr. B. Titus Allen, his treating physician, who related Bousman's symptoms to that accident.  On May 12, 1995, Bousman and his wife informed employer of Dr. Allen's findings and opinion.

Based upon this record, the commission found that Bousman offered a reasonable excuse for failing to provide written notice in accordance with Code § 65.2-600 and that employer did not prove prejudice from the delay.

In reviewing decisions of the commission with respect to reasonable excuse under Code § 65.2-600 (formerly 65.1-85), the Supreme Court has stated that the principal issue is whether evidence is offered to the satisfaction of the commission.  See Lucas, 209 Va. at 586, 166 S.E.2d at 295.  The record contains credible evidence from which the commission could reasonably find that Bousman's excuse was reasonable.  Thus, we may not disturb those findings on appeal.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

Moreover, employer presented no evidence to show that the twenty-six day delay beyond the thirty-day notice period

increased the severity of Bousman's injury, extended his recovery time, or increased his absence from work.  Thus, the commission's finding that the employer suffered no prejudice as a result of Bousman's late notice is binding and conclusive upon this Court on appeal.  See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

For the reasons stated, we affirm the commission's decision.

Affirmed.

4