COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


PHILIP MORRIS USA AND LUMBERMENS
 MUTUAL CASUALTY COMPANY

                                    MEMORANDUM OPINION[*]
v.    Record No. 1610-98-2              PER CURIAM
                                     DECEMBER 8, 1998
MAMIE E. PETERSON


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Thomas J. Mitchell; Hunton & Williams, on
            brief), for appellants.

            (Ruth E. Nathanson; Maloney, Huennekens,
            Parks, Gecker & Parsons, on brief), for
            appellee.


        Philip Morris USA and its insurer (hereinafter referred to

as "employer") contend that the Workers' Compensation Commission

("commission") erred in finding that (1) Mamie E. Peterson

("claimant") proved a reasonable excuse for failing to give

employer timely notice of her February 26, 1997 injury by

accident; and (2) employer's evidence failed to sustain its

burden of proving that prejudice resulted from claimant's failure

to give timely notice of her injury.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  See Rule 5A:27.

        Code § 65.2-600(d) requires an employee to give written

notice of an injury by accident within thirty days of the

_____

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

accident "unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby."  In applying the statute, the principles are well established that "[t]he burden of showing a reasonable excuse for . . . delay in giving notice is upon the [employee, and, that] . . . the burden is upon the employer to show that [the employer] has been prejudiced by the delay."  Maryland Cas. Co. v. Robinson, 149 Va. 307, 311, 141 S.E. 225, 226 (1928).  See also Lucas v. Research Analysis Corp., 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969); Westmoreland Coal Co. v. Coffey, 13 Va. App. 446, 448, 412 S.E.2d 209, 211 (1991).

In ruling that claimant offered a reasonable excuse for her failure to provide written notice in accordance with Code § 65.2-600, the commission made the following findings:

> [T]he claimant did not delay in reporting her injury once its severity was known.  On April 16, 1997, the day after her arm became noticeably swollen and hot, she promptly told her employer about the injury.  It was not until after April 16, 1997, that Dr. [Reinaldo] Menendez[, III] excused the claimant from work because of the injury.  Her actions were consistent and confirm that she originally thought the injury trivial.  Accordingly, we find that the claimant has satisfactorily established a reasonable excuse for late notice.
>
> . . . The record in this case does not contain sufficient evidence of prejudice.  The employer has not presented any evidence to show that the lack of notice until approximately 19 days after the 30-day notice period had expired caused it any prejudice.

In reviewing decisions of the commission with respect to reasonable excuse under Code § 65.2-600 (formerly Code § 65.1-85), the Supreme Court has stated that the principal issue is whether evidence is offered to the satisfaction of the commission. See Lucas, 209 Va. at 586, 166 S.E.2d at 296.

On February 26, 1997, claimant injured her shoulder while hanging trays during the course of her employment. She felt a sharp pain in her shoulder, but was able to complete her shift. At home, she took aspirin and applied heat to her shoulder. She called in sick the following day, which was the day before her previously scheduled vacation. Claimant believed that her pain would go away during her vacation.

During her vacation, claimant visited her primary care physician, Dr. Menendez, for an unrelated reason. However, due to her complaints of pain, Dr. Menendez injected claimant's shoulder and prescribed ibuprofen. After her vacation, claimant continued to work without interruption and treated her shoulder at home. She believed that by treating her injury with heat at home, she would not have to miss work. She had been unemployed for two and one-half years, and had just returned to her job five months before the February 26, 1997 incident.

On April 15, 1997, after working a full shift, claimant's arm was swollen and hot. On April 16, 1997, claimant asked her supervisor for another job assignment because of the pain in her arm. Later that day, claimant sought treatment from the on-site

nurse and also talked to the plant manager and union representative about the February 26, 1997 incident.  That was employer's first notice of the accident, approximately two and one-half weeks after the expiration of the thirty-day notice period.

On September 2, 1997, Dr. D. Christopher Young, an orthopedic surgeon, reported that claimant "felt a pain in her shoulder but . . . kept walking [sic] and did not think that she had done any major injury to her shoulder."

The commission found that claimant's excuse was reasonable. Claimant's testimony, which was corroborated by Dr. Young's medical history, provides credible evidence from which the commission could reasonably infer that claimant did not immediately report the February 26, 1997 accident because she thought her injury was minor, and, therefore, would improve on its own with at-home treatment.  "Notice is reasonably excused if an accident, first regarded as trivial, is later learned through medical diagnosis to be serious."  Coffey, 13 Va. App. at 449, 412 S.E.2d at 211.  Because credible evidence supports the commission's finding that claimant had a reasonable excuse for not reporting the accident to her employer earlier and because no evidence proved that employer was prejudiced by the delay, we may not disturb the commission's decision.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

For these reasons, we affirm the commission's decision.

<u>Affirmed</u>.