COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Annunziata and Frank


DANVILLE REGIONAL MEDICAL CENTER
AND
VIRGINIA INSURANCE RECIPROCAL

MEMORANDUM OPINION*

v.   Record No. 1294-99-3                      PER CURIAM
                                            OCTOBER 26, 1999
CLARE LEA S. PEARCE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Martha White Medley; Daniel, Vaughan,
          Medley & Smitherman, P.C., on brief), for
          appellants.

          No brief for appellee.


     Danville Regional Medical Center and its insurer

(hereinafter referred to as "employer") contend that the

Workers' Compensation Commission (commission) erred in finding

that Clare Lea S. Pearce (claimant) proved (1) a reasonable

excuse for failing to give timely notice of her accident as

required by Code § 65.2-600; and (2) that she sustained an

injury by accident arising out of and in the course of her

employment on May 8, 1998.  Upon reviewing the record and the

briefs of the parties, we conclude that this appeal is without

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

## I.

Code § 65.2-600 requires an employee to give written notice of an injury by accident within thirty days of the accident "unless reasonable excuse is made to the satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby." In applying the statute, the principles are well established that "[t]he burden of showing a reasonable excuse for . . . delay in giving notice is upon the [employee, and, that] . . . the burden is upon the employer to show that [the employer] has been prejudiced by the delay."  Maryland Cas. Co. v. Robinson, 149 Va. 307, 311, 141 S.E. 225, 226 (1928); see also Lucas v. Research Analysis Corp., 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969); Westmoreland Coal Co. v. Coffey, 13 Va. App. 446, 448, 412 S.E.2d 209, 211 (1991).

The commission held that claimant offered a reasonable excuse for her failure to provide written notice in accordance with Code § 65.2-600.  In its opinion, the commission made the following findings:

> The claimant, a registered nurse, had a
> reasonable belief that the problem would
> resolve itself if she limited her lifting,
> rested, used heat, and took medication.
> During this period, the claimant was able to
> continue working, but did not lift patients.

- 2 -

However, once she began to experience a different type of pain and numbness that went into her right femur, she immediately reported the accident in order to seek medical treatment. We note that Dr. [Jacob] Moll treated the claimant in a similar manner as she treated herself. He found her able to continue to perform her regular duties, with the only difference being that he provided the claimant with physical therapy. . . . We note that the claimant did report the incident within 36 days upon immediately noting the need for medical attention. We find that there has been no prejudice to the employer in that there is no evidence that different treatment would have been prescribed than what the claimant was currently doing on her own initiative. We also find there is no evidence that this in any way impeded the employer's ability to investigate the claim. The failure to timely report did not affect the claimant's ability to work or cause her to experience any disability from work.[1]

In reviewing decisions of the commission with respect to reasonable excuse under Code § 65.2-600 (formerly Code § 65.1-85), the Supreme Court has stated that the principal issue is whether evidence is offered to the satisfaction of the commission. See Lucas, 209 Va. at 586, 166 S.E.2d at 296.

The commission found that claimant's excuse was reasonable. Credible evidence, including claimant's testimony and the medical records, support that finding. Claimant's testimony and the medical records established that she did not immediately

---

[1] Employer did not challenge the commission's finding that it was not prejudiced by claimant's untimely notice. Accordingly, that finding is binding on appeal.

report the accident because she thought her injury was not severe enough to warrant seeking medical treatment and that it would resolve on its own through self-administered treatment. Accordingly, we may not disturb the commission's decision. See James v. Capitol Steet Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

## II.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the cause of [the] injury was an identifiable incident or sudden precipitating event and that it resulted in an obvious sudden mechanical or structural change in the body." Morris v. Morris, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989).

Claimant's uncontroverted testimony was that on May 8, 1998, at approximately 1:00 p.m., she was working for employer as a radiology nurse. At that time, she experienced "discomfort" in her lower right back in the sacroiliac area, as she and a co-worker moved a patient, who weighed in excess of 200 pounds. The pain was not severe enough to take claimant to her knees or to cause her to cry out. However, she had never felt this type of pain before.

- 4 -

Claimant's testimony regarding the accident was corroborated by her incident report and the history she gave to Dr. Moll on June 12, 1998. On that date, claimant told Dr. Moll that she experienced "acute severe pain in the R lower back when lifting a [patient] 4 wks ago."

Claimant's testimony, along with the incident report and Dr. Moll's medical history, constitute credible evidence to support the commission's finding that claimant proved she sustained an identifiable incident that resulted in a sudden mechanical or structural change in her body on May 8, 1998. Accordingly, we may not disturb the commission's finding on appeal. See James, 8 Va. App. at 515, 382 S.E.2d at 488.

For these reasons, we affirm the commission's decision.

Affirmed.