COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Frank


DAVID ALLEN LAWHORNE

                                    MEMORANDUM OPINION*
v.    Record No. 0632-00-2               PER CURIAM
                                        AUGUST 1, 2000
TRI-STATE CABLE COMMUNICATIONS/
 T.W. FANCH ONE COMPANY AND
 AMERICAN AUTOMOBILE INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (John B. Mann; Levit, Mann & Halligan, on
          brief), for appellant.

          (Daniel E. Lynch; John T. Cornett, Jr.;
          Williams, Lynch & Whitt, on brief), for
          appellees.


     David Allen Lawhorne (claimant) contends that the Workers'

Compensation Commission erred in finding that (1) he failed to

give Tri-State Cable Communications (employer) written notice of

his January 12, 1997 accident within thirty days as required by

Code § 65.2-600; (2) he failed to prove a reasonable excuse for

any delay in giving timely notice; and (3) employer was not

required to prove that it was prejudiced by any lack of or delay

in giving notice of the accident.  Pursuant to Rule 5A:21(b),

employer raises the additional question of whether the claimant

proved that he sustained an injury by accident occurring in the

─────────────────

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

course of his employment on January 12, 1997. Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

## I. and II.

Code § 65.2-600 prohibits an employee from receiving compensation or medical benefits unless the employee has given the employer written notice of the accident within thirty days of its occurrence. The notice must state the name and address of the employee, the time and place of the accident, the nature and cause of the accident, and the injury. See Code § 65.2-600. A claimant's failure to give timely notice is not a bar to an award of compensation and medical benefits if the claimant shows a reasonable excuse to the satisfaction of the commission for not giving such notice and the commission is satisfied that the employer has not been prejudiced thereby. See id.

"The employee [bears] the burden of proving a reasonable excuse for failing to give timely notice of any injury." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 896, 407 S.E.2d 32, 36 (1991). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In holding that claimant failed to meet the timely notice requirement of Code § 65.2-600 and failed to establish a reasonable excuse for not giving employer notice of his accident within thirty days, the commission made the following findings:

> On January 13, 1997, the claimant told [Susan] Morse[, employer's systems manager,] that he slipped in his driveway. The claimant did not report that he was in the process of storing his tools. The claimant simply reported that he slipped on ice and injured his back. Although he did tell his employer about the accident and injury, the Deputy Commissioner found that he did not give any notice of any relationship between the accident and his work. Morse testified that the claimant told her that he slipped and fell in his driveway, but that he did not tell her that the accident was work-related. There was nothing in the claimant's report of the accident to cause the employer to inquire about a work relationship. In fact, notice by an employee of a slip and fall in his driveway at home would lead an employer to assume the accident was non-work-related. . . .

> Thus, the issue is whether the claimant had a reasonable excuse for the delayed notice. . . . The claimant first advised the employer on April 30, 1997, that there might be some causal relationship between the injury and the employment. At this point, the claimant had been receiving extensive treatment from Dr. [Harold W.] Nase and Dr. [Steven M.] Fiore. In fact, surgery had been performed. Clearly, this was not a trivial injury that slowly worsened over time. Also, it was not an injury which the claimant did not know was employment-related. Since it was not witnessed, and occurred at home, the claimant was probably the only person who did know of a work connection. His testimony that he was unfamiliar with

> workers' compensation laws and that finally his father advised him to report the incident is not a sufficient excuse. . . . Further, the claimant completed disability forms in February 1997 which asked whether the injury could be employment-related, and he confirmed that the incident was not work-related and that workers' compensation benefits would not be sought.

The commission's findings are amply supported by the record. It was undisputed that claimant did not give written notice of a work-related accident to employer within thirty days of January 12, 1997. Contrary to claimant's argument, nothing contained in the Long Term Disability form completed by claimant on February 7, 1997 indicated that claimant's accident was work-related. In fact, claimant specifically indicated on the form that the incident was not related to his occupation and that he did not intend to file a workers' compensation claim.

Furthermore, the testimony of claimant and Morse established that employer did not have actual knowledge of a work-related accident until at least the end of April 1997 or the beginning of May 1997, nearly four months after its occurrence. Morse testified that prior to May 12, 1997, claimant never told her that he was involved in any work-related activity at the time that he slipped and fell on the ice in January 1997. As fact finder, the commission was entitled to conclude that claimant's testimony that he delayed giving notice

of his accident because he was unaware of workers' compensation laws was not a sufficient excuse.

Based upon this record, we cannot find as a matter of law that claimant's evidence sustained his burden of proving that he gave timely written notice of his accident as required by Code § 65.2-600; that employer had actual notice of his work-related accident; or that claimant had a reasonable excuse for giving late notice.

### III.

Employer's burden of proving prejudice caused by a claimant's delay in giving notice is not applicable until the claimant has established a reasonable excuse for the delay to the satisfaction of the commission. See Lucas v. Research Analysis Corp., 209 Va. 583, 586, 166 S.E.2d 294, 296 (1969); Maryland Cas. Co. v. Robinson, 149 Va. 307, 311, 141 S.E. 225, 226 (1928). Because claimant did not establish a reasonable excuse for failing to give employer notice of his January 12, 1997 work-related accident within thirty days of its occurrence, the commission did not err in not requiring employer to show prejudice.

### IV.

Because our holdings with respect to issues I. through III. raised by claimant dispose of this appeal in employer's favor, we need not address the additional question raised by employer.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>