COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Frank and Clements


ELIZABETH C. SMITH

                                    MEMORANDUM OPINION*
v.    Record No. 0029-01-3            PER CURIAM
                                      MAY 15, 2001
AUGUSTA MEDICAL CENTER AND
 VIRGINIA INSURANCE RECIPROCAL


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Frankie C. Coyner, on brief), for appellant.

          (Cathleen P. Welsh; Wharton, Aldhizer &
          Weaver, P.L.C., on brief), for appellees.


     Elizabeth C. Smith (claimant) contends that the Workers'

Compensation Commission erred in finding that her claim was

barred because she failed to give Augusta Medical Center

(employer) timely notice of her September 20, 1999 injury by

accident, as required by Code § 65.2-600(D).  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     Code § 65.2-600(D) requires that an employee give written

notice of an injury by accident within thirty days of the

accident "unless reasonable excuse is made to the satisfaction

of the Commission for not giving such notice and the Commission

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

is satisfied that the employer has not been prejudiced thereby."
In applying the statute, the principles are well established
that "[t]he burden of showing a reasonable excuse for . . .
delay in giving notice is upon the [employee, and, that] . . .
the burden is upon the employer to show that [the employer] has
been prejudiced by the delay." Maryland Cas. Co. v. Robinson,
149 Va. 307, 311, 141 S.E. 225, 226 (1928); see also Lucas v.
Research Analysis Corp., 209 Va. 583, 586, 166 S.E.2d 294, 296
(1969); Westmoreland Coal Co. v. Coffey, 13 Va. App. 446, 448,
412 S.E.2d 209, 211 (1991).

The commission found that claimant's delay in notifying the
employer was not reasonable.  In its opinion, the commission
made the following findings:

> The injury by accident occurred on
> September 20, 1999.  The claimant testified
> to knowing on November 3, 1999, that her
> back condition arose from the work-related
> accident.  She stated that:  "I knew exactly
> the day and exactly the place that I had
> caused this disk to rupture.  Absolutely.  I
> had no question in my mind."  (Tr. at 15).
> If the claimant had reported the accident
> shortly after this alleged knowledge, notice
> would have been given within seven weeks of
> the incident, albeit after the 30-day
> requirement.  She did not inform the
> employer of the accidental injury until
> November 29, 1999, three and one-half weeks
> later.  After the accident, the claimant
> attended multiple medical examinations,
> underwent x-rays and an MRI, participated in
> physical therapy, was restricted to bed
> rest, received medications and injections,
> and discussed surgery.  Thus, we are not
> persuaded that her injury was trivial.  In
> fact, the claimant testified that on

-

September 20, 1999, her back "hurt a lot" and that she thought that she suffered "a good back strain." Lastly, while she explained her belief that she only had 72 hours to report an accident, ignorance of the law is not a reasonable excuse.

In reviewing the commission's determination as to whether a claimant has proven a reasonable excuse under Code § 65.2-600 (formerly § 65.1-85), the principal issue is whether evidence was offered to the satisfaction of the commission. See Lucas, 209 Va. at 586, 166 S.E.2d at 296.

The commission found that claimant's excuse for not reporting her injury to employer until approximately seventy days after it occurred was not reasonable. The commission's findings are supported by claimant's testimony and the medical records, which established that claimant did not report her injury even after she unequivocally knew or should have known on November 3, 1999 that it was not trivial and that it was related to the September 20, 1999 incident. Moreover, she testified that at the time of the incident her back pain was "excruciating" and she believed that she had suffered a "good back strain."

In its role as fact finder, the commission was entitled to give little weight to claimant's testimony that she failed to give timely notice because she believed that she only had seventy-two hours to do so. Claimant, a nurse anesthetist, testified that she did not know where she got this idea. In

-

addition, Susan Krzastek, employer's Vice President of Human Resources, testified that employer informed its employees through the use of postings and an employee handbook of the thirty-day notice requirement.

Based upon this record, we cannot find as a matter of law that claimant's evidence sustained her burden of proving a reasonable excuse for her delay in giving timely notice, as required under Code § 65.2-600(D).

Because we affirm the commission's finding that claimant did not prove a reasonable excuse for her delay in giving notice, we need not address the issue of whether employer proved prejudice.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>